400 So.2d 1012 (1981)
STATE of Florida, Appellant,
v.
Leonard James TOMBLIN, Appellee.
No. 80-241.
District Court of Appeal of Florida, Fifth District.
June 25, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Edwin H. Duff, III, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender, and Ronald K. Zimmet, Chief Asst. Appellate Division, Asst. Public Defender, Daytona Beach, for appellee.
ORFINGER, Judge.
Appellant was charged with first degree arson under section 806.01(1)(b), Florida Statutes (1979).[1] The trial court granted a motion to dismiss the information under Florida Rule of Criminal Procedure 3.190(c)(4), and the State appeals.[2] We reverse.
The record indicates that while confined to the Orange County Jail, appellee removed his jail issue clothes, placed them in a pile on the floor of his cell, and set them on fire. A corrections officer used a fire extinguisher to put out the fire, but not before the clothes were almost completely burned. It was alleged in the motion, and the State apparently agrees, that there was *1013 no damage to the jail structure itself, but the State traversed the motion on the ground that the jail clothing constituted "contents," the burning of which is also proscribed by the statute.
The trial court granted the "C-4" motion on the ground that there was no damage to the jail structure and the prisoner's clothing did not constitute "contents" of the jail within the meaning of the statute.
The State argues that the obvious intent of the Legislature in adopting this revised arson statute in 1979 was to broaden the definition of the crime and to bring more activities within its ambit. Prior to 1979, the statute was more limited in its application;[3] it did not include the burning of contents of a structure, and required proof of malice, a requirement not found in the new statute.
Appellee argues only that there is a distinction between items which are the means of setting a fire and items which are the contents of a structure and are damaged by the fire. To read the statute, he says, to include within the definition of "contents" items used as a means to set a fire is to violate rules of statutory construction. Here, appellee is not charged with lighting the match, he is charged with burning the clothing, the result of the fire and not the means, and we must determine if that result is proscribed by the statute.
In attempting to determine what the Legislature intended when it adopted a statute, we may look to the evil intended to be corrected, the language of the act, including its title and the history of its enactment and the state of the law already in existence bearing on the subject.[4] A review of the legislative history of Florida's arson law, section 806.01, Florida Statutes (1979), shows that the statute is a significant and deliberate departure from common law and from its predecessor statutes.[5]
The bill as originally introduced in the Senate used the phrase "or to the furnishings [or] fixtures ... thereof." The committee substitute which was ultimately adopted with some additional amendments substituted the word "contents." Unlike the dissenting judge, this writer believes that the change from "furnishings and fixtures" to "contents" was not meaningless, but was intended to broaden the types of material, the burning of which was proscribed. Had the Legislature intended to restrict the statute to only furnishings and fixtures, there would have been no need to change the language.
Reviewing the current statute in the light of the former provision, it is evident that the Legislature intended to identify "high risk" buildings, such as jails, hospitals, nursing homes, and the like, where fire poses an enormous risk to human life and safety. Panic caused by fire or injury from smoke inhalation can be as harmful to occupants of structures as direct burning caused by the fire itself. No doubt all would agree that if appellee had burned his mattress in the center of his cell without causing any structural damage to the cell itself, he *1014 would have violated the statute because the mattress is part of the "contents." We fail to find a distinction between the mattress and the clothing. It is obvious that the Legislature intended to try to curtail unlawful fires in jails and other buildings because of their potentially disastrous effect on people, not because of the effect of the fire on the item burned.[6]
Any potential absurdity in result based on this view would come not from a proper application of the statute, but only from an absurd application of the statute. It is illogical to believe that this statute, as worded, applies or was intended to apply, or could be properly construed to apply, to citizens lighting their own matches, lighters, cigars, cigarettes and tobacco pipes in offices and stores where persons are normally present or to the lighting and burning of candles in church. These activities, at least in the example cited are lawful, as is the example of burning one's [I suppose old] socks in one's own furnace, and the trial court thus incorrectly interpreted the statute and should not have dismissed the information. The order of dismissal is reversed, and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
DAUKSCH, C.J., concurs.
COWART, J., dissents with opinion.
COWART, Judge, dissenting:
The question presented is the meaning of the word "contents" in section 806.01(1)(b), Florida Statutes (1979) (set forth in footnote 1 of the majority opinion), which makes it illegal to willfully cause damage by fire to "any structure, or contents thereof... ." The word "contents" must be construed either literally to mean any and everything brought within and, therefore, contained within the structure or it must be construed more narrowly. The majority construes the word literally; I find a more narrow construction is necessary.
Besides jails and prisons, this statute relates to churches, department stores, office buildings, business establishments and other similar structures where persons are normally present. Since the word "contents" is not limited as to ownership or otherwise, a literal reading will lead to absolutely absurd results, such as its application to citizens lighting their own matches, lighters, cigars, cigarettes, and tobacco pipes in offices and stores where persons are normally present, the lighting and burning of candles in churches, etc. The rationale of the majority opinion would likewise require upholding the conviction under this statute of one who burns his own socks in the furnace of his own office building. Such an absurd result suggests that some more restrictive meaning of the word "contents" must have been intended by the legislature.
An inflexible and distinguishing trait of every sound principle of law is that it results in a reasonable conclusion when applied to every situation within its terms. The converse is also true  an absurdity in conclusion indicates a fallacy in principle. Therefore the invalidity of a proposition can be demonstrated by showing an absurdity to which it leads when carried to its logical conclusion (reductio ad absurdum). The above examples are not given to ridicule or for humor but as a serious test of the validity of the statute as construed by the majority and for contrast with the result of the construction I propose.
Because this case involves a jail and jail-issued clothing it is a good case in which to make bad law. Appellant obviously, willfully and maliciously, damaged personal property belonging to the county, a misdemeanor under section 806.13(1), Florida Statutes (1979). The question presented by this case is whether he is also an arsonist. In this first case construing this statute a construction should be made which will result in reasonable conclusions when applied to the facts of cases to come. A construction *1015 which is reasonable only as to the facts of this case, however, will necessitate torturing that construction to avoid unreasonable results in future cases. Since the wisdom or absurdity of a statute's application is a result of its construction, the fact that the statute prohibits only "unlawful" fires cannot be relied upon to prevent its application in absurd instances because the statute itself defines what is "unlawful." Such reasoning begs the question. Under it the majority construes the statute to prohibit all fires but say that when that construction leads to an unreasonable or absurd result, that particular fire is "lawful."
The legislative history of this statute (Senate Bill 25 and Senate Bill 68 of the 1979 Legislative Session) reveals that the word "contents" was substituted for the words "furnishings and fixtures" of prisons, jails, detention centers and other correctional facilities. Therefore, the logical conclusion is that the Legislature's substitution of the word "contents" was intended to expand the definition of items, the burning of which constitutes arson, while still requiring them to bear some reasonable relationship to a structure, such as to mean furniture, furnishings, fixtures and equipment in or appurtenant to a structure. I would so construe it and hold that it does not apply here.
NOTES
[1] 806.01(1) (1979): Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged: (a) Any dwelling, whether occupied or not, or its contents; (b) Any structure, or contents thereof, where persons are normally present, such as: Jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; department stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or (c) Any other structure that he knew or had reasonable grounds to believe was occupied by a human being, is guilty of arson in the first degree, which constitutes a felony of the first degree ...
[2] Fla.R.App.P. 9.140(c)(1)(A) allows the State to appeal an order dismissing an indictment or information or any count thereof.
[3] Section 806.01, Florida Statutes (1977), in its entirety, read:

(1) Any person who willfully and maliciously, by fire or explosive, damages any structure, whether the property of himself or another, knowing, or with reasonable grounds to believe, that a human being is in the structure, shall be guilty of arson in the first degree, which constitutes a felony of the first degree ...
(2) Any person who willfully and maliciously, by fire or explosive, damages any structure, whether the property of himself or another, under any circumstances not referred to in subsection (1), shall be guilty of arson in the second degree, which constitutes a felony of the second degree ...
(3) "Structure" means any building of any kind, any enclosed area with a roof over it, and any vehicle, vessel, or aircraft.
[4] Foley v. State ex rel. Gordon, 50 So.2d 179 (Fla. 1951); Singleton v. Larson, 46 So.2d 186 (Fla. 1950).
[5] The changes appear designed to strengthen statutory arson law to eliminate certain problems which have made conviction of suspected arsonists difficult in the past. The new law appears to be a reflection of the Legislature's concern over the dramatic increase of arson in recent years and the resultant loss of life and property. Fla. Stat. Sec. 806.01: Florida Arson Law  the Evolution of the 1979 Amendments, 8 F.S.U.L.Rev. 81 (1980).
[6] E.g., if we follow appellee's logic, there would be no violation of the statute if someone else had set fire to appellee's clothing while he was wearing them, if no damage to the cell block occurred.