406 So.2d 108 (1981)
STATE of Florida, Appellant,
v.
Craig Bradley MAYLE, Appellee.
No. 80-1404.
District Court of Appeal of Florida, Fifth District.
November 25, 1981.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellant.
Joseph W. DuRocher, Public Defender, and Joel T. Remland and Thomas E. Doss, III, Asst. Public Defenders, Orlando, for appellee.
SHARP, Judge.
The State appeals from an order dismissing a charge of second degree arson.[1] Mayle filed a (c)(4) motion[2] alleging the basic facts of the case are undisputed and they do not establish a prima facie case against him.[3] Reaching the merits of the case, we affirm.
Mayle's (c)(4) motion established that Mayle had an accident while driving his uninsured Dodge van. The van was towed to a garage and left in the adjacent yard. In a fit of anger, Mayle set fire to the van and destroyed it. No damage to any person or other property occurred, nor did Mayle intend to damage anything except his van.[4]
Mayle maintains these undisputed facts do not constitute a prima facie case of arson. The second degree arson statute provides in part:
Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another, under any circumstances not referred in subsection

*109 (1), is guilty of arson in the second degree... .
§ 806.01(2), Fla. Stat. (1979). A vehicle is expressly included in the statutory definition of "structure." § 806.01(3), Fla. Stat. (1979). The legislature eliminated the requirement that the burning be done "maliciously,"[5] but the new arson statute requires that the act be done "willfully and unlawfully." (Emphasis supplied).
The meaning of "unlawfully" has yet to be defined by the Florida courts.[6] However, it must mean something more than the mere burning of one's own property without any danger or damage to others or the property of others,[7] nor intent to inflict such damage. Such an act is not contrary to any statute or common law of this State. Therefore we agree the trial court properly granted Mayle's (c)(4) motion.
AFFIRMED.
COBB and FRANK D. UPCHURCH, Jr., JJ., concur.
NOTES
[1] See § 806.01(2), Fla. Stat. (1979).
[2] Fla.R.Crim.P. 3.190(c)(4).
[3] Sua sponte, we ordered an en banc hearing in this case because Mayle's (c)(4) motion was sworn to by his attorney, rather than a person having personal knowledge of the facts set forth in the motion, and there was a potential conflict with our decision in State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981). However, it did not appear from the record that the State objected before the lower court to the motion's lack of an oath from one with personal knowledge, or to Mayle's failure to support the motion with affidavits or depositions made under oath by persons with such personal knowledge. Therefore, we deemed this objection waived and receded from the en banc proceeding to resolve the potential conflict. See State v. Upton, 392 So.2d 1013 (Fla. 5th DCA 1981); Turner v. State, 388 So.2d 254 (Fla. 1st DCA 1980); State v. Kling, 335 So.2d 614, 615 n. 1 (Fla. 2d DCA 1976).
[4] There was some indication in the arrest affidavit that another wrecked vehicle near the van was scorched, and the burning van may have jeopardized the garage near which it was parked. However, the State's demurrer, which alleged there were other "disputed or undisputed" facts but which failed to specify what they were, was not sufficient to counter Mayle's (c)(4) motion, and the facts set forth in the motion must be accepted by us as true. State v. Kemp, 305 So.2d 833 (Fla. 3d DCA 1974); Fla.R.Crim.P. 3.190(d).
[5] Ch. 79-108, § 1, Laws of Fla.
[6] Fla. Stat. § 806.01: Fla. Arson Law  The Evolution of the 1979 Amendments, 8 Fla.St.U.L. Rev. 81 (1980).
[7] State v. Tomblin, 400 So.2d 1012 (Fla. 5th DCA 1981).