FERGUSON, Judge.
The State appeals from a trial court order dismissing one count of a three-count information. The dismissed count charges the defendants with unlawful discharge of a destructive device in violation of Section 790.161(3), Florida Statutes (1979).
Considering Section 790.161(3) in its general context[1] it is obvious that the legisla *417 tive purpose [2] is not served by applying the mandatory ten-year imprisonment statute where a person, uses a destructive device,[3] in a safe and nondisruptive fashion,[4] to demolish his personal property.[5] No conceivable public purpose could be served by prosecuting harmless conduct pursuant to a mandatory imprisonment statute where there is another statute, with a discretionary sentence provision, prohibiting those same acts which constitute the material part of the charge.[6] Had the statute been applied to the facts of this case we would be faced with a serious challenge as to its constitutionality. See State v. Dennis, 80 N.M. 262, 454 P.2d 276 (Ct.App.1969) (criminal statute forbidding intentional damage by an explosive substance without criminal as opposed to honorable intent held unconstitutional as an unreasonable exercise of police powers). The trial court rationally interpreted the act to harmonize with the Constitution and legislative purpose — as was its duty. Holley v. Adams, 238 So.2d 401 (Fla.1970).
We affirm.

. Chapter 790, Florida Statutes provides in Section 790.161:
Any Person who makes, possesses, throws, places, discharges, or attempts to discharge any destructive device, with intent to do bodily harm to any person or with intent to do damage to property: •
(1) Shall be guilty of a felony of the second degree ...
(2) If the act results in a disruption of government operations, commerce, or the private affairs of another person, shall be guilty of a felony of the second degree, .. and the person shall be required to serve a term of imprisonment of not less than 5 calendar years before becoming eligible for parole.
(3)If the act results in bodily harm to another person or in property damage, shall be guilty of a felony of the first degree, ... and the person shall be required to serve a term of imprisonment of not less than 10 calendar years before becoming eligible for parole.
*417 (4) If the act results in the death of another person, shall be guilty of a capital felony, punishable by death ...

. “If a statute is to make sense, it must be read in light of some assumed purpose. A statute merely declaring a rule, with no purpose or objective, is nonsense.” K. Llewellyn, Remarks on the Theory of Appellate Decision and the Rules or Canons About How Statutes are to be Construed, 3 Vand.L.Rev. 395, 400 (1950). The harsh statute was enacted, unquestionably, to punish acts which are malum in se as contrasted with acts malum prohibitum. See, e.g., Jacobson v. State, 375 So.2d 1133 (Fla. 3d DCA 1979).

. “Destructive device” means any explosive, incendiary, or poison gas bomb, grenade, mine, rocket, missile, or similar device, ... § 790.-001(4), Fla.Stat. (1979).

. For the purpose of the Motion to Dismiss the parties stipulated to certain facts:
The destroyed property, a “junk vehicle”, was driven to an isolated portion of the Everglades more than a mile away from any structure. All oil and gasoline was removed. A group of young spectators was warned to leave the immediate area because the car was going to be “blown”. The explosion, witnessed by several people, resulted in no damage to other property.

. The gravaman of the offense in this case is the unlawful possession and use of explosives. In certain circumstances destruction of one’s personal property is not an unlawful act. Cf. State v. Mayle, 406 So.2d 108 (Fla. 5th DCA 1981) (defendant burning his van and destroying it, with no damage to any person or other property nor intent to damage anything except the van was not an unlawful act within meaning of the arson statute). See also Lofton v. State, 416 So.2d 522, 523 (Fla. 4th DCA 1982) (new arson statute § 806.01(l)(a) does not require showing of civil intent, only that willful act was done without a legitimate, lawful purpose).

. Defendants were charged in Counts 2 and 3 with violation of Sections 552.101 and 552.22, Florida Statutes (1979) which provide:
552.101. POSSESSION WITHOUT LICENSE PROHIBITED, EXCEPTIONS.— It is unlawful for any person to possess an explosive unless he is the holder of a current, valid license or permit, ... and possesses such explosives for the purpose covered by the license or permit he holds.... 552.22. PENALTIES.—
(1) Any person who ... possesses ... or uses any explosive with the intent to harm life, limb, or property, is guilty of a felony of the second degree, ... [possessing explosives under circumstances contrary to the provisions of this chapter ... shall be prima facie evidence of an intent to use the same for destruction of life, limb or property.