445 So.2d 646 (1984)
STATE of Florida, Appellant,
v.
Joseph Daniel WALL, Appellee.
No. 83-1159.
District Court of Appeal of Florida, Second District.
February 15, 1984.
*647 Jim Smith, Atty. Gen., Tallahassee, Charles Corces, Jr., Asst. Atty. Gen., and Michael A. Palecki, Sp. Asst. Atty. Gen., Tampa, for appellant.
Michael H. Farver of Law Offices of Alan R. Williams, St. Petersburg, for appellee.
Bill Gunter, State Fire Marshal, Tallahassee, as amicus curiae.
HOBSON, Acting Chief Judge.
The state appeals an order granting Joseph Daniel Wall's amended motion to dismiss an amended information accusing him of second degree arson in violation of section 806.01(2), Florida Statutes (1981). We reverse and remand.
The state filed an amended information charging Wall with arson in the second degree, claiming that he "willfully and unlawfully by fire or explosion did damage or cause to be damaged a structure, to-wit: A motor vehicle, located at 4th Street and 45th Avenue North, St. Petersburg, Pinellas County, Florida." Wall submitted an amended motion to dismiss pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), incorporating by reference an affidavit of his which contained the following assertions:
(1) That he [Wall] is the owner of the property destroyed herein, to wit: a 1965 Ford automobile.
(2) That no damage was done to any other individual, or to the property of any other individual.
(3) That he did not intend to inflict any damage to any other individual, or the property of any other individual.
(4) That the act complained of in the Information filed herein was not performed for an unlawful purpose.
*648 The state then presented a sworn traverse under Rule 3.190(d), stating in pertinent part therein that "[t]he State specifically denies Paragraphs 2 and 4" of Wall's affidavit and, as to Paragraph 3, Wall had "admitted his wrongful motives and intent to law enforcement [authorities]."
The second degree arson statute, section 806.01(2), reads in relevant part:
Any person who willfully and unlawfully,[1] by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another, under any circumstances not referred to in subsection (1),[2] is guilty of arson in the second degree, which constitutes a felony of the second degree... .
Subsection (3) of section 806.01 provides that, as used in chapter 806, the definition of "structure" includes "any vehicle."
A hearing was held on Wall's amended motion to dismiss, at which Wall cited the case of State v. Mayle, 406 So.2d 108 (Fla. 5th DCA 1981), as being "virtually completely on point." The state, however, contended that Mayle was distinguishable. The trial court apparently sided with Wall's position, rendering a summary order granting his amended motion to dismiss.
We agree with the state that Mayle is inapplicable under the facts at bar. In Mayle, our sister court affirmed a Rule 3.190(c)(4) dismissal of an information charging the defendant with second degree arson because the undisputed facts did not establish a prima facie case against the defendant. The uncontradicted facts revealed that the defendant merely burned his own van without injuring any person or damaging any other property, without intending to inflict any such injury or damage, and without posing any danger of inflicting any such injury or damage. In other words, although the defendant "willfully" damaged his van by the fire, he did not do so "unlawfully."
Although the word "unlawfully" in section 806.01 has yet to be clearly defined, we believe that where one willfully, by fire or explosion, damages or causes to be damaged a structure which is his own property, the word "unlawfully" in subsection (2) of section 806.01 means, at the very least, that an injury result to any person or damage ensue to any other property, or that there be an intent that such injury or damage occur, or that a danger of such injury or damage be present. See Mayle, 406 So.2d at 109.
In the instant case, the state's traverse expressly denied Wall's claims in paragraphs 2 through 4 of his affidavit that he did not act unlawfully in setting fire to his car. Thus, unlike the situation in Mayle, material factual disputes exist.
Given the state's traverse, the case at bar is also distinguishable from the analogous case of State v. Hoag, 419 So.2d 416 (Fla. 3d DCA 1982). There, our sister court affirmed a Rule 3.190(c)(4) dismissal of a count of an information charging the defendant with unlawful discharge of a destructive device in violation of section *649 790.161(3), Florida Statutes (1979), because the state had stipulated to the following innocuous facts:
The destroyed property, a junk vehicle, was driven to an isolated portion of the Everglades more than a mile away from any structure. All oil and gasoline was removed. A group of young spectators was warned to leave the immediate area because the car was going to be "blown." The explosion, witnessed by several people, resulted in no damage to other property.
419 So.2d at 417, n. 4.
Wall submits that even though the case sub judice may be distinguishable from Mayle and Hoag, the state's traverse did not warrant a denial of his amended motion to dismiss. He is of the view that the traverse did not deny "with specificity" the material facts contained in his affidavit. Rule 3.190(d), of course, mandates that a motion to dismiss under Rule 3.190(c)(4) shall be denied only if the state files a traverse which "with specificity denies under oath the material fact or facts alleged in the motion to dismiss." Contrary to Wall's belief, Rule 3.190(d) does not require that a state's sworn traverse present by testimony or evidence specific facts which negate the material factual assertion(s) in a Rule 3.190(c)(4) motion to dismiss. See, e.g., State v. Huggins, 368 So.2d 119 (Fla. 1st DCA 1979); Ellis v. State, 346 So.2d 1044, 1046 (Fla. 1st DCA), cert. den. 352 So.2d 175 (Fla. 1977); State v. News-Press Publishing Co., 338 So.2d 1313, 1318 (Fla. 2d DCA 1976). The sworn traverse need only specifically apprise the trial court of the material factual allegation(s) in the motion to dismiss which the state is denying. See, e.g., State v. Wright, 386 So.2d 583 (Fla. 4th DCA 1980); Huggins; Ellis, 346 So.2d at 1046; News-Press Publishing Co., 338 So.2d at 1318.
Here, the state's traverse satisfied the requirements of Rule 3.190(d) because it specifically denied under oath the material facts alleged in paragraphs 2 through 4 of the affidavit which Wall incorporated into his amended motion to dismiss.[3]See Wright. Thus, Rule 3.190(d) required an automatic denial of Wall's Rule 3.190(c)(4) amended motion to dismiss. See, e.g., State v. J.T.S., 373 So.2d 418 (Fla. 2d DCA 1979).
Accordingly, we reverse the order granting Wall's amended motion to dismiss and remand for proceedings not inconsistent with this opinion.
REVERSED and REMANDED.
DANAHY and SCHOONOVER, JJ., concur.
NOTES
[1] Effective June 1, 1979, the state legislature substituted the word "unlawfully" in section 806.01 for the word "maliciously." See Ch. 79-108, § 1, Laws of Fla. The legislature did so because of the difficulty of proving malice in arson cases. See Fla. Stat. § 806.01: Florida Arson Law  The Evolution of the 1979 Amendments, Lawrence W. Smith, 8 Fla.St.U.L.Rev. 81, 88-89 (1980). Cf. Love v. State, 107 Fla. 376, 144 So. 843 (1932); Gould v. State, 312 So.2d 225 (Fla. 1st DCA 1975).
[2] Subsection (1) of section 806.01, Florida Statutes (1981), states:

(1) Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged:
(a) Any dwelling, whether occupied or not, or its contents:
(b) Any structure, or contents thereof, where persons are normally present, such as: Jails, prisons, or detention centers; hospitals, nursing homes, or other health care facilities; department stores, office buildings, business establishments, churches, or educational institutions during normal hours of occupancy; or other similar structures; or
(c) Any other structure that he knew or had reasonable grounds to believe was occupied by a human being,
is guilty of arson in the first degree, which constitutes a felony of the first degree... .
[3] Of course, as the state has noted, it was irrelevant whether the state specifically denied Wall's allegation in paragraph 1 of the affidavit that he is the owner of the damaged vehicle, given the language of section 806.01(2).