SCHEB, Acting Chief Judge.
Appellant, Kevin Callahan, challenges the trial court’s denial of his motion for mistrial. The state cross-appeals the trial court’s failure to sentence appellant for the crime of burning to defraud an insurer. We reject appellant’s contention but we find merit to the state’s cross-appeal.
Appellant was convicted of arson, a second degree felony, and burning to defraud an insurer, a third degree felony. The trial judge found that burning to defraud an. insurer is a lesser included offense of arson, so he imposed a sentence for only arson.
The test for determining whether a less serious offense is included in a more serious offense is whether “all of the elements required to be proven to establish the former are also required to be proven, along with more, to establish the latter.” Borges v. State, 415 So.2d 1265, 1267 (Fla.1982). In Florida, an analysis of the statutory elements is made to determine whether a crime is a lesser included offense. State v. Rodriquez, 500 So.2d 120 (Fla.1986).
Burning to defraud an insurer, which the trial judge considered a lesser offense, is *435 proscribed by section 817.233, Florida Statutes (1985). It requires proof of insurance and intent to injure or defraud the insurer, elements not found in the arson statute, section 806.01, Florida Statutes (1985). Therefore, burning to defraud an insurer is not a lesser included offense of arson. The trial judge should have imposed sentences for both crimes. See § 775.021(4), Fla.Stat. (1985).
We affirm the appellant’s conviction but vacate his sentences and remand for further proceedings consistent with this opinion.
SCHOONOVER and FRANK, JJ., concur.