NIMMONS, Judge.
The state appeals from' an order dismissing a second degree arson count on the ground that such count failed to charge an offense. We reverse.
The information charged in pertinent part as follows:[1]
[The defendant] did willfully and unlawfully, by fire or explosion, damage or cause to be damaged a structure and surrounding vegetation. The structure, a motor coach vehicle, the property of DONALD E. McBRIDE was located at S.R. 267 and the surrounding vegetation *717 was the property of the United States Department of Agriculture Forestry Service. All in violation of and contrary to Section 806.01, Florida Statutes.
The trial court was of the view that the rationale of State v. Mayle, 406 So.2d 108 (Fla. 5th DCA 1981), required dismissal. In Mayle, the defendant set fire to his own van and destroyed it. Like the defendant in the instant case, Mayle was charged with second degree arson under Section 806.01, Florida Statutes.[2] It is significant that Mayle involved a (c)(4) dismissal[3] and that the undisputed facts established that in setting fire to his own van, “no damage to any person or other property occurred, nor did Mayle intend to damage anything except his van.” Id. at 108.
The Fifth District observed that although the meaning of “unlawfully” in the subject statute has not been defined by the Florida courts,
[‘Unlawfully’] must mean something more than the mere burning of one’s own property without any danger or damage to others or the property of others, nor intent to inflict such damage, (footnote omitted)
Id. at 109.
We disagree with the view embraced by the trial court and the appellee that the above principles enunciated in Mayle rendered count one deficient. As mentioned, Mayle involved a (c)(4) motion whereas the motion in the instant case was limited — and recognized as so limited by the trial court— to the facial sufficiency of the charging instrument. Count one charges, in the language of the statute, that the defendant “unlawfully” damaged the subject property. That is sufficient. We recognize that, because it is proceeding against a defendant who “torched” his own property, the state will need to establish the “unlawfulness” of the act by proving “at the very least, that an injury result to any person or damage ensue to any other property, or that there be an intent that such injury or damage occur, or that a danger of such injury or damage be present.” State v. Wall, 445 So.2d 646, 648 (Fla. 2d DCA 1984); see also State v. Mayle, supra. It remains to be seen whether the state intends to attempt to establish such element by proving: (1) that the Department of Agriculture’s “surrounding vegetation” was damaged; (2) that the defendant intended to defraud his insurance carrier via the act of arson and the submission of a false claim;[4] or (3) otherwise.
The trial court erred in dismissing count one as facially insufficient. The order of dismissal is therefore
REVERSED.
SMITH, C.J., and ERVIN, J., concur.

. In its brief, the state recites facts contained in a "summary of offense and probable cause affidavit" executed by a police officer. Such is entirely irrelevant to the issue before this court, to wit: the facial validity of count one of the information. The inclusion of such facts has only served to confuse.

.Section 806.01 provides in pertinent part:
(2) Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another, under any circumstances not referred to in subsection (1), is guilty of arson in the second degree, which constitutes a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(3) As used in this chapter, "structure” means any building of any kind, any enclosed area with a roof over it, any real property and appurtenances thereto, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.

. Fla.R.Cr.P. 3.190(c)(4).

. The second count, which was not dismissed and remains pending, charges insurance fraud under Section 817.234, Florida Statutes.