ZEHMER, Judge.
Charlie Berry, appellant, appeals a judgment adjudicating him guilty of committing arson, insurance fraud, and grand theft in connection with the burning of his mobile home. We affirm all four points raised on appeal, and find it necessary to discuss only the trial court’s denial of appellant’s motion for judgment of acquittal on the arson count.
The state charged appellant with arson in the first count of a three-count information, alleging that appellant “did willfully and unlawfully, by fire or explosion, damage or cause to be damaged a dwelling or its contents” which were the property of Charlie Berry, contrary to Section 806.01, Florida Statutes.[1] The state also charged appellant with presenting a false and fraudulent insurance claim to Nationwide Insurance Company in violation of section 817.234, Florida Statutes, and with obtaining or endeavoring to obtain $20,000 or more from Nationwide in violation of section 812.014, Florida Statutes. For reasons not expressed or made known to us, the state did not charge appellant with the offense of burning to defraud an insurer in violation of section 817.233, Florida Statutes.
The evidence presented at trial revealed the following pertinent facts. On February 26, 1985, one of appellant’s neighbors discovered appellant’s mobile home afire. After determining that the home was unoccupied, the neighbor reported the fire to the fire department. Subsequently, two fire inspectors and a fire analysis expert investigated the fire, which had destroyed most of the kitchen and part of the dining and living rooms. The fire inspectors determined that a pan of grease left unattended on the stove caused the fire. The fire analysis expert reached a different conclusion, opining that he believed the fire spread in an unusual pattern and had been *24 purposely set by someone who used a flammable liquid.
The state presented substantial direct and circumstantial evidence that implicated appellant, or someone hired by appellant, as having intentionally set the fire for the purpose of collecting insurance proceeds under appellant’s fire insurance policy. At the close of the state’s case, appellant moved, inter alia, for a judgment of acquittal on the arson count, arguing that the evidence was insufficient to prove that he willfully and unlawfully caused the fire. The court denied this motion. Appellant’s defense consisted solely of his own testimony that he did not set the fire and did not hire anyone to set the fire. After the defense rested, appellant renewed the motion for judgment of acquittal and the court again denied the motion. The jury returned a verdict finding appellant guilty of arson of a structure, insurance fraud, and grand theft as charged.
On appeal, appellant argues that the evidence was insufficient to support a conviction of arson. He first argues that the evidence of intent is purely circumstantial and did not exclude every reasonable hypothesis of innocence. Appellant also contends that the state did not allege and prove that appellant’s acts resulted in injury to a person or to any property other than his own, or that appellant intended to damage or injure a person or property other than his own. According to appellant, burning one’s own home as charged and proved in this case simply is not arson within the meaning of section 806.01. We disagree.
Section 806.01, defines the crime of arson and provides in pertinent part:
Any person who willfully and unlawfully, by fire or explosion, damages or causes to be damaged any structure, whether the property of himself or another ... is guilty of arson in the second degree....
The state presented substantial evidence that appellant willfully burned the home, thus a jury issue was created as to that element of the statute. With regard to the “unlawfulness” element, the state only needed to show that the willful act was done without a legitimate, lawful purpose. Lofton v. State, 416 So.2d 522 (Fla. 4th DCA 1982), rev. denied, 429 So.2d 6 (Fla.1983), cert. denied sub. nom., DeAndrea v. Florida, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983). The state satisfied this burden by presenting evidence that appellant intentionally burned the home for the purpose of collecting the fire insurance proceeds.[2] Finally, the statute expressly proscribes willful and unlawful burning of one’s own property, as well as the property of another. Thus, we hold that a violation of section 806.01 can be proved by evidence that a defendant willfully and unlawfully burned his own property. The evidence in this case was sufficient to support a conviction under section 806.01.
Appellant’s second point concerns the denial of his challenge for cause. We affirm this point because appellant failed to show that the trial court abused its discretion in making this ruling, and also failed to establish any prejudice as the record does not show that he exhausted all peremptory challenges.
Appellant’s third point complains of restrictions on his cross-examination of a witness. We find this error was not properly preserved for appellate review.
Finally, we find no error in the trial court’s denial of an instruction on the offense of burning to defraud an insurer based on section 817.233. This offense was not charged, and it is not a lesser-ineluded offense of the arson charge. Callahan v. State, 504 So.2d 434 (Fla. 2d DCA 1987).
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.

. All references to statutes in this opinion will be to Florida Statutes (1985).

. See also, State v. McBride, 519 So.2d 716 (Fla. 1st DCA 1988), wherein this court stated, in dictum, that the "unlawfulness” element of the arson statute may be established by proving that the defendant intended to defraud his insurer by committing arson and submitting a false claim.