PER CURIAM.
John Henry Knighten appeals his conviction and sentence for arson, a violation of section 806.01, Florida Statutes (1987).[1] With the exception of that portion of the trial court’s order which requires the payment of court costs, we affirm.
Knighten, while incarcerated in the “drunk tank” of the Lake Wales municipal jail, set fire to his shirt. It appears that Knighten may have become enraged when the police did not respond to his demand for a telephone call. The burning shirt, which Knighten hung on a wire descending from the ceiling, caused minor damage to the interior of the cell. We believe this structural damage is sufficient to support a conviction. Granville v. State, 373 So.2d 716 (Fla. 1st DCA 1979). The fact Knight-en characterizes the damage as “de min-imis” is more relevant, we believe, when considering the severity of the punishment merited by his actions than when determining the legal sufficiency of the evidence.[2]
Knighten also argues that the state failed to prove he intended to damage the structure. Arson, however, is a general intent crime. Linehan v. State, 442 So.2d 244 (Fla. 2d DCA 1983), aff'd, 476 So.2d 1262 (Fla.1985). All that needed to be shown was that Knighten intentionally started the fire. Knighten admitted this in his own testimony, though claiming the fire was only an attention-getting device.
We do agree that the trial court erred in imposing court costs without adequate prior notice to Knighten. See Wood v. State, 544 So.2d 1004 (Fla.1989). Accordingly, we strike this provision of the judgment and sentence without prejudice to the state to seek reimposition of these costs after proper notice.
Convictions and sentences affirmed; • court costs stricken; remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and DANAHY and HALL, JJ., concur.

. Knighten was also convicted of battery of a law enforcement officer, § 784.07, Fla.Stat. (1987); resisting an officer with violence, § 843.01, Fla.Stat. (1987); and attempting to deprive an officer of a means of protection, §§ 777.04 and 843.025, Fla.Stat. (1987). He does not contest these convictions on appeal, and consequently they are affirmed along with the sentences imposed therefor.

. We note that the sentence in this case, which was not cross-appealed by the state, represents a substantial departure downward from the guideline recommendation.