650 So.2d 1032 (1995)
Marilyn May BELL, Appellant,
v.
STATE of Florida, Appellee.
No. 93-970.
District Court of Appeal of Florida, Fifth District.
February 3, 1995.
*1033 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Dan Haun, Asst. Atty. Gen., Daytona Beach, for appellee.
THOMPSON, Judge.
Marilyn May Bell appeals her conviction and sentence for second-degree arson,[1] burning to defraud,[2] and making a fraudulent claim to an insurance company.[3] She was sentenced to concurrent terms totalling three and a half years in prison to be followed by 15 years on probation. She was also ordered to pay restitution in the amount of $33,711.19, a fine and court costs totalling $5,000.00. Bell raises three issues on appeal. We determine that two of her issues have merit and we reverse.
This is Bell's second trial for the same charged crimes. During Bell's first trial, she was convicted. However, Bell filed a motion for new trial which the trial judge granted. *1034 The state appealed the trial judge's ruling. Although the state eventually dismissed the appeal, one of the issues on appeal was the trial judge's refusal to allow the state to call Bell's husband to testify against her. The trial judge did not allow the state to call Bell's husband, John Bell, to testify based upon Bell's objection. Bell objected arguing that any testimony from her husband concerning her communication with him would be protected by the marital privilege. Bell invoked the marital privilege pursuant to section 90.504(3)(b), Florida Statutes (1991). The trial judge agreed and the state assigned this ruling as an error.
Another issue assigned as error by the state during the first appeal was the trial court's denial of proffered testimony that Bell had started a fire several years before in the same location. In the first fire, Bell was renting a mobile home that was destroyed by fire. The cause of the fire was arson. Bell was not married at the time. Further, Bell was not present at the fire and there was no testimony presented that Bell benefitted from the first fire in any way. Because several witnesses violated a court order not to talk about the fire, this error was assigned by the prior judge as one of the reasons Bell's mistrial motion was granted. The case was returned to the circuit court after the state filed its notice of voluntary dismissal.
At the second trial, much to Bell's chagrin and disadvantage, there was a successor judge assigned to the case. The successor judge allowed the state to call Bell's husband to testify against her. John Bell testified that Bell told him she started the fire and it got out of hand. John Bell also testified that before the fire, he purchased insurance so they could obtain money for a new home they planned to build. The successor judge also allowed the state to introduce testimony about the first fire over Bell's objection. A friend of Bell's testified that Bell told her two weeks before the fire "how she was going to start it."
Bell appeals and argues that the rulings by the prior judge were the law of the case and the successor judge was collaterally estopped from entering a contrary ruling since the issues had been determined by a valid judgment or final order of disposition. Bell argues that these issues cannot be relitigated by the same parties. Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). We disagree. When the state voluntarily dismissed the appeal without a disposition from this court, the prior judge's order granting a new trial had the effect of allowing the parties to proceed with a new trial as if the former trial had not occurred. This result means that the previous rulings could be raised again and were subject to review by the successor judge. State v. Strong, 593 So.2d 1065 (Fla. 4th DCA) (citing Fla.R.Crim.P. 3.640(a)), review denied, 602 So.2d 942 (Fla. 1992). The successor judge, or the prior judge if still assigned, could entertain the objections and enter orders which were inapposite to the prior rulings. Id.
Although the successor judge could consider the renewed objections, he should have sustained them on the merits. The state was allowed to call John Bell because it argued he was the victim of Bell's arson. Therefore, as a victim, it reasoned, he could be called pursuant to the exception in section 90.504(3)(b), Florida Statutes (1991).[4] This section was created to allow a spouse who has had their person or property injured or damaged to testify against the victimizing spouse. Kerlin v. State, 352 So.2d 45, 52 (Fla. 1977). In the case sub judice, John Bell admitted in court that he participated in getting an insurance policy so he and Bell could benefit from the arson; he helped plan the best time for the arson; he helped remove furniture from the mobile home so it would not be damaged by the fire and he went to his parents' home the day Bell planned to commit the crime. He was not a victim, but a co-conspirator. The state cannot *1035 breach the marital privilege based upon these facts.
As to the use of testimony about the previous fire, we rule the successor judge committed error. The state was attempting to introduce testimony about the first fire as Williams rule evidence.[5] The judge ruled that the evidence was sufficiently similar to "establish motive for the instant fire, opportunity, intent, preparation, plan, knowledge, the identity of the perpetrator, and absence of mistake or accident." However, the prejudicial value far outweighed the probative value and the reasons listed by the successor judge were not supported by the testimony in the record. In the first fire, there was no testimony that Bell benefited at all from the fire. She was renting the mobile home and the state presented no evidence that Bell started the fire. There were simply not enough unique characteristics to make the crimes similar. Turtle v. State, 600 So.2d 1214 (Fla. 1st DCA 1992). The state attempted to build an inference upon an inference and make the fact that there were two fires the central issue of the trial. It appears the state was trying to convict Bell based upon an accumulation of similar bad acts, but they were not similar enough to be relevant. Drake v. State, 400 So.2d 1217 (Fla. 1981). When four witnesses testified about the first fire, it became the central feature of the new trial, and thus, prejudicial to Bell. The successor judge should have sustained Bell's objection and not admitted the evidence. For these reasons, we reverse.
The last issue Bell raises on appeal is that she could not be adjudicated guilty of both second-degree arson and burning to defraud an insurance company where second-degree arson was an offense wholly included within the crime of burning to defraud. Burning to defraud is not a lesser included offense of arson. Berry v. State, 566 So.2d 22, 24 (Fla. 1st DCA 1990), review denied, 576 So.2d 284 (Fla. 1991); Callahan v. State, 504 So.2d 434, 435 (Fla. 2d DCA 1987). Therefore, Bell was properly convicted of both second degree arson and burning to defraud an insurance company.
REVERSED and REMANDED.
W. SHARP and DIAMANTIS, JJ., concur.
NOTES
[1] § 806.01(2), Fla. Stat. (1991).
[2] § 817.233, Fla. Stat. (1991).
[3] § 817.234, Fla. Stat. (1991).
[4] Section 90.504(3)(b) provides there is no privilege under this section:

In a criminal proceeding in which one spouse is charged with a crime committed at any time against the person or property of the other spouse, or the person or property of a child of either.
§ 90.504(3)(b), Fla. Stat. (1991).
[5] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86 (1959).