CAMPBELL MONTEREY, (Senior) Judge.
The State challenges the dismissal of the arson count of the indictment that charged Johnny Harrington with first-degree murder and first-degree arson. We reverse.
The record before us is meager. The facts of the case before the trial judge for the purpose of Harrington’s motion to dismiss the arson charge are revealed only by the criminal report affidavit, the affidavit for search warrant, the search warrant and return with attached inventory and receipt, and the argument of counsel. Those facts show that Harrington and Gwendolyn Bell had a long, intimate relationship that was an “on again, off again” affair over many years. From the argument of Harrington’s trial counsel, it appears there was a son born of the relationship. It similarly appears that at the time of the alleged offenses, Ms. Bell and Harrington were living together in Harrington’s apartment.
On July 25, 1999, an argument developed between Ms. Bell and Harrington, apparently over the use of crack cocaine. It is alleged that Harrington forced Ms. Bell to smoke crack cocaine by holding a knife to her throat. As the argument increased, Harrington poured lamp oil over Ms. Bell and her clothing, struck a match, and set Ms. Bell and her clothing on fire. Ms. Bell subsequently died from her burn injuries. The only damage from the fire to Harrington’s apartment was soot damage to the ceiling that would require repainting to correct.
A person is guilty of arson as defined in section 806.01, Florida Statutes (1999), when they willfully and unlawfully, by fire, damage or cause to be damaged any dwelling or its contents. The trial judge dismissed the arson count against Harrington finding that the soot damage to the ceiling of Harrington’s apartment was insufficient to establish the charge of arson, and that the burning of the clothing Ms. Bell was wearing could not be considered “contents” of the apartment for purposes of the arson charge. We disagree with the trial judge on both issues. The arson statute requires that a dwelling or its contents be damaged as a result of an intentional and unlawful fire. The extent of the damage is not made an element of the arson charge. Whether there is damage that is the result of a fire so as to come within the prohibitions of the arson statute is a question for the trier of fact. *507 Harrington conceded that as a result of the fire, there was soot damage to the ceiling of the apartment that would require repainting. Therefore, the question of whether arson was committed by a willful and unlawful fire that caused such damage should have been left for the jury.
Similarly, we conclude that Ms. Bell’s clothing qualified as “contents” of the dwelling. Clearly, if Harrington had gone to a closet and set fire to any of Ms. Bell’s clothing hanging in the closet, we would not be faced with this issue. Merely because Ms. Bell was wearing the clothing at the time Harrington set the clothing on fire does not make them any less “contents” of the dwelling. See State v. Tomblin, 400 So.2d 1012 (Fla. 5th DCA 1981)
Reversed and remanded.
THREADGILL, A.C.J., and NORTHCUTT, J., concur.