PER CURIAM.
We consolidate these cases for the purpose of issuing this opinion.
This is an appeal from a final order of disposition placing two juveniles, N.K.D. and S.L.F., on probation following findings of guilt for the offense of arson of a structure. Appellants contend that the lower court erred in denying their motions for judgment of acquittal because the evidence did not negate their hypothesis of innocence that the burning of the structure was accidental. We disagree and affirm.
The evidence in this case reveals that an unoccupied barn was completely destroyed by fire. Appellants, two middle-school girls, were interviewed concerning the fire. Both initially lied regarding their involvement; later, however, S.L.F. told the investigator they had skipped school and gone to the barn, where they lit a fire using hay, which got out of control and began burning one of the sides of the barn. She continued that they tried to put it out and believed they had, and then left. N.K.D. said much the same thing. She related that she and S.L.F. did not break into the barn for the purpose of burning it, but just for “hanging around.”
Appellants contend this case is governed by T.E. v. State, 701 So.2d 1237 (Fla. 3d DCA 1997), in which the Third District held that the state’s evidence of an alleged arson did not exclude the appellant’s reasonable hypothesis that the damage to the structure was accidental. In our judgment, T.E. is factually distinguishable. There, a state’s witness testified that he had seen appellant playing outside a storage shack with two other boys on the date of the fire; that appellant went inside the shack, and, after a few minutes, he emerged with a long metal pipe with paper burning at one end. Shortly afterward, the witness noted the shack was on fire. In reaching its decision, the Third District noted that the arson statute which appellant was charged with violating was a general intent statute, and that it “ ‘prohibits either a specific voluntary act or something that is substantially certain to result from the act.’ ” Id. at 1238 (quoting Linehan v. State, 442 So.2d 244, 247 (Fla. 2d DCA 1983)). In deciding that the evidence did not disclose that it was substantially certain that the shack would catch fire from the act of appellant’s playing with a “lighted torch,” the court concluded that the evidence did not negate the reasonable hypothesis that the fire was accidentally set. Id.
In the present case, the only evidence of the circumstances of the fire came from the two juveniles — not from a disinterested observer, as in T.E. Both of the appellants were trespassers inside the structure burned. They never reported the fire, but in fact, when questioned, first denied any involvement in setting it; thereafter they admitted that they had intentionally lit fire to the hay inside the barn, but thought that they had put the fire out before they left. The credibility of this statement was, *430 in our judgment, properly suspect in light of S.L.F.’s admission that the fire had gotten out of control and had begun to burn one of the sides of the barn. In our view, this type of self-serving statement is the kind that the trier of fact, in consideration of the remaining evidence, was free to weigh and reject.
In our opinion, a case far more pertinent to the facts before us is Knighten v. State, 568 So.2d 1001 (Fla. 2d DCA 1990), where the defendant, during his incarceration in the “drunk tank” of the municipal jail, intentionally set fire to his shirt, and the fire in turn caused minor damage to the interior of the cell. Knight-en denied that he had intended to cause damage to the cell, but only wished to gain the attention of his jailers. The appellate court rejected this defense, noting that arson is a general intent crime, and all that the state needed to show “was that Knighten intentionally started the fire.” Id. at 1002. The same facts exist here. The two appellants admitted that they intentionally started the fire. The fact that they did not intend to damage the structure is immaterial to the issue of their guilt. Moreover, S.L.F. admitted that before she and her companion left the barn and allegedly extinguished the fire, damage had already occurred to one of its sides. Thus, by her own admission, she was aware that the fire had caused minor damage to the barn. Minor structural damage is sufficient to support a conviction. See Granville v. State, 373 So.2d 716 (Fla. 1st DCA 1979); Knighten, 568 So.2d at 1002.
AFFIRMED.
ERVIN, BARFIELD and BENTON, JJ., concur.