PER CURIAM.
The trial court did not err in denying appellant’s motion for judgment of acquittal, which was based on the theory that the mattress and bed sheet in his prison cell were not “contents” of the cell within the meaning of the arson statute, section 806.01(1)(b), Florida Statutes (2001). See, e.g., Higgins v. State, 565 So.2d 698 (Fla.1990) (affirming a first-degree felony arson conviction where the defendant set fire to the mattress in his prison cell even though there was no evidence of damage to the building). Compare State v. Tomblin, 400 So.2d 1012 (Fla. 5th DCA 1981) (reversing dismissal of an arson charge involving the defendant setting fire to clothing he had piled in the center of his jail cell, noting that if the defendant had set fire to his mattress, there would be no question the mattress would be considered “contents” of the cell).
AFFIRMED.
WOLF, C.J., ERVIN and PADOVANO, JJ., Concur.