# Supreme Court of Florida

_____

No. SC13-1254

_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2013-03.**

[August 28, 2014]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted a report proposing four new standard criminal

jury instructions and amendments to ten existing standard criminal jury

instructions. We have jurisdiction. See art. V, § 2(a), Fla. Const.

The Committee proposes that the Court authorize for publication and use

new instructions 11.18 – Sexual Misconduct by a Psychotherapist; 12.9 – Arson

Resulting in Injury; 14.10 – Failure to Return Hired/Leased Property; and 29.3 –

Sale of an Alcoholic Beverage to or by a Person Less Than 21 Years of Age on

Licensed Premises. The Committee also proposes amending existing criminal jury

instructions 7.3 – Felony Murder – First Degree; 7.5 – Felony Murder – Second

Degree; 7.6 – Felony Murder – Third Degree; 7.11 – Penalty Proceedings – Capital

Cases; 12.1 – Arson – First Degree; 12.2 – Arson – Second Degree; 28.14 –

Boating Under the Influence; 28.15 – Boating Under the Influence Causing

Property Damage or Injury; 28.16 – Felony Boating Under the Influence; and

28.17 – Boating Under the Influence Causing Serious Bodily Injury.

The Committee's proposed amendments modify the existing instructions in a

number of ways.  Notable changes include: (1) amendment of instructions 7.3, 7.5,

and 7.6 to include language for determining whether the felony murder victim was

a law enforcement officer, correctional officer, or correctional probation officer

engaged in the lawful performance of a legal duty as provided by section 782.065,

Florida Statutes (2013); (2) amendment of the aggravating circumstances section

of instruction 7.11 to include the aggravating circumstances in section

921.141(5)(c), Florida Statutes (2013), pertaining to domestic violence injunctions

and protective orders; (3) amendment of instructions 12.1 and 12.2 to include

language instructing the jury that the State does not have to prove the defendant

intended to cause damage; and (4) deletion of the phrase "that is subject to a

license tax for operation" from the definition of the word "vessel" in instructions

28.14, 28.15, 28.16, and 28.17.

Before filing its report with the Court, the Committee published its proposals

for comment.  Comments were received with respect to new instruction 29.3, and

the proposed amendments to instructions 12.1, 12.2, 28.14, 28.15, 28.16, and

28.17.  After considering the comments, the Committee declined to modify its proposed amendments to instructions 12.1, 12.2, 28.14, 28.15, 28.16, and 28.17. In response to the comment on new instruction 29.3, the Committee modified its proposal.

After the Committee filed its report, one comment was filed with the Court concerning the Committee's proposed amendments to instructions 12.1 and 12.2. Having considered the Committee's report and the comment filed, we authorize for publication and use new instructions 11.18, 12.9, 14.10, and 29.3, and amended instructions 7.3, 7.5, 7.6, 7.11, 12.1, 12.2, 28.14, 28.15, 28.16, and 28.17 as proposed by the Committee.

The instructions, as set forth in the appendix to this opinion, are authorized for publication and use.[1]  In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions.  We further

_____

1.  The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml.  We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions.  Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. New language is indicated by underlining and deleted language is indicated by struck-through type. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida, and Judge Joseph Anthony Bulone, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida, and Bart Schneider, Senior Attorney, Office of the States Court Administrator, Tallahassee, Florida,

for Petitioner

Julianne M. Holt, President, Florida Public Defender Association, Inc., Tampa, Florida,

Responding with comment

**Appendix**

## 7.3 FELONY MURDER — FIRST DEGREE
§ 782.04(1)(a), Fla. Stat.

**To prove the crime of First Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

1. (Victim) **is dead.**

   *Give 2a, 2b, or 2c as applicable.*
2. a. [~~The death occurred as a consequence of and while~~ (defendant) ~~was engaged in the commission of~~ (crime alleged).]**While engaged in the commission of a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

   b. [~~The death occurred as a consequence of and while~~ (defendant) ~~was attempting to commit~~ (crime alleged).]**While engaged in the attempt to commit a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

   c. [~~The death occurred as a consequence of and while~~ (defendant)~~, or an accomplice, was escaping from the immediate scene of~~ (crime alleged).]**While escaping from the immediate scene after [committing] [attempting to commit] a[n]** (felony alleged)**, [(defendant)] [(defendant's) accomplice] caused the death of** (victim)**.**

*Give 3a if defendant ~~actual perpetrator~~was the person who actually killed the deceased.*
3. a. [(Defendant) **was the person who actually killed** (victim)**.]**

*Give 3b if defendant was not ~~actual perpetrator~~the person who actually killed the deceased.*
   b. [(Victim) **was killed by a person other than** (defendant)**; but both** (defendant) **and the person who killed** (victim) **were principals in the commission of** (crime alleged)**.]**

**In order to convict <u>the defendant</u> of First Degree Felony Murder, it is not necessary for the State to prove that the defendant had a premeditated design or intent to kill.**

1.  *Define the crime alleged. If Burglary, also define crime that was the object of burglary.*

2.  *If 2b above is given, also define "attempt" (see 5.1).*

3.  *If 3b is given, immediately give principal instruction (3.5(a)).*

4.  *Since the statute does not require its proof, it is not necessary to define "premeditation."*

5.  <u>*If the underlying felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*</u>

<u>*§ 782.065, Fla. Stat. Enhanced penalty. Give if applicable.*</u>
**If you find the defendant guilty of first degree felony murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

<u>*Definitions for enhanced penalty. § 943.10, Fla. Stat.*</u>
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement**

- 6 -

**officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer" means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.**

**"Correctional probation officer" means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.**

**"Part-time law enforcement officer" means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.**

**"Part-time correctional officer" means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the**

**supervision, protection, care, custody, and control of inmates within a correctional institution.**

**"Auxiliary law enforcement officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.**

**"Auxiliary correctional officer" means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

## Lesser Included Offenses

| FIRST DEGREE (FELONY) MURDER — 782.04(1)(a) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| | Second degree (depraved mind) murder | 782.04(2) | 7.4 |
| Manslaughter | | 782.07 | 7.7 |
| | Second degree (felony) murder | 782.04(3) | 7.5 |
| | Third degree (felony) murder | 782.04(4) | 7.6 |
| | Aggravated ~~assault~~battery | ~~784.021~~ 784.045 | ~~8.2~~8.4 |
| | Felony battery | 784.041(1) | 8.5 |
| | Aggravated ~~battery~~assault | ~~784.045~~ 784.021 | ~~8.4~~8.2 |
| | ~~Assault~~Battery | ~~784.011~~ 784.03 | ~~8.1~~8.3 |
| | ~~Battery~~Assault | ~~784.03~~ 784.011 | ~~8.3~~8.1 |

## Comments

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of May 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

This instruction was adopted in 1981 and was amended in 1985, 1992 [603 So. 2d 1175], ~~and~~ 2011 [53 So. 3d 1017], and 2014.

# 7.5 FELONY MURDER — SECOND DEGREE
§ 782.04(3), Fla._Stat.

To prove the crime of Second Degree Felony Murder, the State must prove the following four elements beyond a reasonable doubt:

1.    (Victim) **is dead**.

*Give 2a, 2b, or 2c as applicable.*
2.  a.  **[The death occurred as a consequence of and while the crime of** (crime alleged) **was being committed.]**

b.  **[The death occurred as a consequence of and while there was an attempt to commit** (crime alleged)**.]**

c.  **[The death occurred as a consequence of and while there was an escape from the immediate scene of** (crime alleged)**.]**

(Defendant) **was not the person who actually killed** (victim), **but** (defendant) **did commit or did knowingly aid, abet, counsel, hire, or otherwise procure the commission of a[n]** (felony alleged)**.**

*Give 3a, 3b, or 3c as applicable.*
3.    (Defendant) **was not the person who actually killed** (victim) **but did knowingly aid, abet, counsel, hire, or otherwise procure the commission of** (crime alleged)**.**

a.  (Victim's) **death was caused during and was a consequence of the commission of the** (felony alleged).

b.  (Victim's) **death was caused during and was a consequence of the attempted commission of the** (felony alleged).

c.  (Victim's) **death was caused during and was a consequence of the escape from the immediate scene of the** [(felony alleged)] **[attempt to commit the** (felony alleged)]**.**

4.    **The person who actually killed** (victim) **was not involved in the commission or the attempt to commit the** (crime alleged)**.**

- 10 -

1.     *Define the crime alleged. If Burglary, also define crime that was object of burglary.*

2.     *If 23b above is given, also define "attempt" (see 5.1).*

3.     *If the underlying felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*§ 782.065, Fla. Stat. Enhanced penalty. Give if applicable.*
**If you find the defendant guilty of second degree felony murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions for enhanced penalty. § 943.10, Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

**"Correctional officer"** means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.

**"Correctional probation officer"** means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

**"Part-time law enforcement officer"** means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

**"Part-time correctional officer"** means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

**"Auxiliary law enforcement officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

**"Auxiliary correctional officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-

**time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

### Lesser Included Offenses

| SECOND DEGREE (FELONY) MURDER — 782.04(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA.STAT.** | **INS. NO.** |
| ~~None~~Manslaughter* | | 782.07 | 7.7 |
| | Third degree (felony) murder | 782.04(4) | 7.6 |

### Comments

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of May 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

*Avila v. State*, 745 So. 2d 983 (Fla. 4th DCA 1999) indicates that manslaughter is not a Category One lesser included offense of second degree felony murder, but see *State v. Montgomery*, 39 So. 3d 252 (Fla. 2010).

This instruction was adopted in 1981and amended in 1985 and 2014.

# 7.6 FELONY MURDER — THIRD DEGREE
§ 782.04(4), Fla._Stat.

**To prove the crime of Third Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Victim) **is dead.**

*Give 2a, 2b, or 2c as applicable.*

**2.** **a.** ~~[The death occurred as a consequence of and while~~ (defendant) ~~was engaged in the commission of~~ (crime alleged).]**While engaged in the commission of a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's **accomplice**)**] caused the death of** (victim)**.**

   **b.** ~~[The death occurred as a consequence of and while~~ (defendant) ~~was attempting to commit~~ (crime alleged).]**While engaged in the attempt to commit a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's **accomplice**)**] caused the death of** (victim)**.**

   **c.** ~~[The death occurred as a consequence of and while~~ (defendant)**, or an accomplice, ~~was escaping from the immediate scene of~~** (crime alleged).]**While escaping from the immediate scene after [committing] [attempting to commit] a[n]** (felony alleged)**, [**(defendant)**] [**(defendant's) **accomplice] caused the death of** (victim)**.**

*Give 3a if defendant ~~actual perpetrator~~was the person who actually killed the deceased.*

**3.** **a.** **[**(Defendant) **was the person who actually killed** (victim)**.]**

*Give 3b if defendant was not ~~actual perpetrator~~the person who actually killed the deceased.*

   **b.** **[**(Victim) **was killed by a person other than** (defendant)**; but both** (defendant) **and the person who killed** (victim) **were principals in The commission of** (crime alleged)**.]**

**It is not necessary for the State to prove the killing was perpetrated with a design to effect death.**

   *1.  Define the crime alleged.*

*2.    If 2b above is given, also define "attempt" (see 5.1).*

*3.    If 3b is given, immediately give principal instruction (3.5(a)).*

*4.    If the underlying felony is charged as a separate count, read instruction 3.12(d)(Legally Interlocking Counts). Failure to do so may result in an impermissible inconsistent verdict. See, e.g., Brown v. State, 959 So. 2d 218 (Fla. 2007).*

*§ 782.065, Fla. Stat. Enhanced penalty. Give if applicable. .*
**If you find the defendant guilty of third degree felony murder, you must then determine whether the State has further proven beyond a reasonable doubt that** (victim) **was a [law enforcement officer] [part-time law enforcement officer] [auxiliary law enforcement officer] [correctional officer] [part-time correctional officer] [auxiliary correctional officer] [correctional probation officer] [part-time correctional probation officer] [auxiliary correctional probation officer] engaged in the lawful performance of a legal duty.**

*Definitions. § 943.10, Fla. Stat.*
**"Law enforcement officer" means any person who is elected, appointed, or employed full time by any municipality or the state or any political subdivision thereof; who is vested with authority to bear arms and make arrests; and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers but does not include support personnel employed by the employing agency.**

**"Employing agency" means any agency or unit of government or any municipality or the state or any political subdivision thereof, or any agent thereof, which has constitutional or statutory authority to employ or appoint persons as officers. The term also includes any private entity which has contracted with the state or county for the operation and maintenance of a nonjuvenile detention facility.**

- 15 -

**"Correctional officer"** means any person who is appointed or employed full time by the state or any political subdivision thereof, or by any private entity which has contracted with the state or county, and whose primary responsibility is the supervision, protection, care, custody, and control, or investigation, of inmates within a correctional institution; however, the term "correctional officer" does not include any secretarial, clerical, or professionally trained personnel.

**"Correctional probation officer"** means a person who is employed full time by the state whose primary responsibility is the supervised custody, surveillance, and control of assigned inmates, probationers, parolees, or community controllees within institutions of the Department of Corrections or within the community. The term includes supervisory personnel whose duties include, in whole or in part, the supervision, training, and guidance of correctional probation officers, but excludes management and administrative personnel above, but not including, the probation and parole regional administrator level.

**"Part-time law enforcement officer"** means any person employed or appointed less than full time, as defined by an employing agency, with or without compensation, who is vested with authority to bear arms and make arrests and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state.

**"Part-time correctional officer"** means any person who is employed or appointed less than full time, as defined by the employing or appointing agency, with or without compensation, whose responsibilities include the supervision, protection, care, custody, and control of inmates within a correctional institution.

**"Auxiliary law enforcement officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time law enforcement officer and who, while under the direct supervision of a full-time or part-time law enforcement officer, has the authority to arrest and perform law enforcement functions.

**"Auxiliary correctional officer"** means any person employed or appointed, with or without compensation, who aids or assists a full-time or part-time correctional officer and who, while under the supervision of a full-

**time or part-time correctional officer, has the same authority as a full-time or part-time correctional officer for the purpose of providing supervision, protection, care, custody, and control of inmates within a correctional institution or a county or municipal detention facility.**

### Lesser Included Offenses

| THIRD DEGREE (FELONY) MURDER — 782.04(4) | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| ~~None~~Manslaughter | | 782.07 | 7.7 |
| | Felony Battery | 784.041(1) | 8.5 |
| | Aggravated assault | 784.021 | 8.2 |
| | Battery | 784.03 | 8.3 |
| | Assault | 784.011 | 8.1 |

### Comments

Regarding the enhanced penalty under Fla. Stat. § 782.065, the statute does not specify that it is an element of the offense that the defendant knew or had reason to know that the victim was a law enforcement officer, etc. In *Thompson v. State*, 695 So. 2d 691 (Fla. 1997), the Supreme Court held that knowledge of the victim's status is a necessary element of attempted murder of a law enforcement officer, but that was prior to the enactment of Fla. Stat. § 782.065 and was based on a construction of Fla. Stat. § 784.07, which explicitly contains a knowledge requirement. As of May 2013, no case has decided whether knowledge of the victim's status is an element under Fla. Stat. § 782.065.

This instruction was adopted in 1981 and amended in 1992 [603 So. 2d 1775], ~~and~~ 1994 [639 So. 2d 602], and 2014.

# 7.11 PENALTY PROCEEDINGS — CAPITAL CASES
§ 921.141, Fla. Stat.

*Give 1a at the beginning of penalty proceedings before a jury that did not try the issue of guilt. Give bracketed language if the case has been remanded ~~by the supreme court~~ for a new penalty proceeding. See Hitchcock v. State, 673 So. 2d 859 (Fla. 1996). In addition, give the jury other appropriate general instructions.*

1.  a.  **Ladies and gentlemen of the jury, the defendant has been found guilty of Murder in the First Degree. [An appellate court has reviewed and affirmed the defendant's conviction. However, the appellate court sent the case back to this court with instructions that the defendant is to have a new trial to decide what sentence should be imposed.] Consequently, you will not concern yourselves with the question of [his] [her] guilt.**

*Give 1b at beginning of penalty proceedings before the jury that found the defendant guilty.*

   b.  **Ladies and gentlemen of the jury, you have found the defendant guilty of Murder in the First Degree.**

*For murders committed prior to May 25, 1994, the penalties were different; therefore, for crimes committed before that date, the following instruction should be modified to comply with the statute in effect at the time the crime was committed. If the jury inquires whether the defendant will receive credit for time served against a sentence of life without possibility of parole for 25 years, the court should instruct that the defendant will receive credit for all time served but that there is no guarantee the defendant will be granted parole either upon serving 25 years or subsequently. See Green v. State, 907 So. 2d 489, 496 (Fla. 2005).*

2.  **The punishment for this crime is either death or life imprisonment without the possibility of parole. The ~~final~~ decision as to which punishment shall be imposed rests with the judge of this court; however, the law requires that you, the jury, ~~render to the court~~<u>provide</u> an advisory sentence as to which punishment should be imposed upon the defendant.**

*Give in all cases before taking evidence in penalty proceedings.*

**The State and the defendant may now present evidence relative to the nature of the crime and the character, background or life of the defendant. You are instructed that**

*Give only to the jury that found the defendant guilty.*
**this evidence when considered with the evidence you have already heard**

*Give only to a new penalty phase jury.*
**this evidence**

**is presented in order that you might determine, first, whether sufficient aggravating circumstances exist that would justify the imposition of the death penalty and, second, whether there are mitigating circumstances sufficient to outweigh the aggravating circumstances, if any. At the conclusion of the taking of the evidence and after argument of counsel, you will be instructed on the factors in aggravation and mitigation that you may consider.**

*Give after the taking of evidence and argument.*
**It is now your duty to advise the court as to the punishment that should be imposed upon the defendant for the crime of First Degree Murder. You must follow the law that will now be given to you and ~~render~~provide an advisory sentence based upon your determination as to whether sufficient aggravating circumstances exist to justify the imposition of the death penalty or whether sufficient mitigating circumstances exist that outweigh any aggravating circumstances found to exist. The definition of aggravating and mitigating circumstances will be given to you in a few moments. As you have been told, the ~~final~~ decision as to which punishment shall be imposed is the responsibility of the judge. In this case, as the trial judge, that responsibility will fall on me. However, the law requires you to ~~render~~provide me with an advisory sentence as to which punishment should be imposed—life imprisonment without the possibility of parole or the death penalty.**

*Give only in cases where mitigation was presented to the jury by the defendant and not where mitigation was waived.*
**Although the recommendation of the jury as to the penalty is advisory in nature and is not binding, the jury recommendation must be given great weight and deference by the Court in determining which punishment to impose.**

*Give only to the jury that found the defendant guilty.*

Your advisory sentence should be based upon the evidence of aggravating and mitigating circumstances that you have heard while trying the guilt or innocence of the defendant and the evidence that has been presented to you in these proceedings.

*Give only to a new penalty phase jury.*
Your advisory sentence should be based upon the evidence of aggravating and mitigating circumstances that has been presented to you in these proceedings.

*Weighing the evidence.*
It is up to you to decide which evidence is reliable. You should use your common sense in deciding which is the best evidence, and which evidence should not be relied upon in considering your verdict. You may find some of the evidence not reliable, or less reliable than other evidence.

*Credibility of witnesses.*
You should consider how the witnesses acted, as well as what they said. Some things you should consider are:

1.  Did the witness seem to have an opportunity to see and know the things about which the witness testified?

2.  Did the witness seem to have an accurate memory?

3.  Was the witness honest and straightforward in answering the attorneys' questions?

4.  Did the witness have some interest in how the case should be decided?

5.  Did the witness' testimony agree with the other testimony and other evidence in the case?

6.  Had the witness been offered or received any money, preferred treatment or other benefit in order to get the witness to testify?

7.  Had any pressure or threat been used against the witness that affected the truth of the witness' testimony?

8. **Did the witness at some other time make a statement that is inconsistent with the testimony he or she gave in court?**

9. ~~Was it proved that the witness had been convicted of a felony or a crime involving dishonesty?~~**Has the witness been convicted of a felony or of a misdemeanor involving [dishonesty] [false statement]?**

10. ~~Was it proved that the general reputation of the witness for telling the truth and being honest was bad?~~**Does the witness have a general reputation for [dishonesty] [truthfulness]?**

~~You may rely upon your own conclusion about a witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.~~

*Law enforcement witness.*
**The fact that a witness is employed in law enforcement does not mean that [his] [her] testimony deserves more or less consideration than that of any other witness.**

*Expert witnesses.*
Expert witnesses are like other witnesses with one exception—the law permits an expert witness to give an opinion. However, an expert's opinion is only reliable when given on a subject about which you believe that person to be an expert. Like other witnesses, you may believe or disbelieve all or any part of an expert's testimony.

*Accomplices and Informants.*
**You must consider the testimony of some witnesses with more caution than others. For example, a witness who [claims to have helped the defendant commit a crime] [has been promised immunity from prosecution] [hopes to gain more favorable treatment in his or her own case] may have a reason to make a false statement in order to strike a good bargain with the State. This is particularly true when there is no other evidence tending to agree with what the witness says about the defendant. So, while a witness of that kind may be entirely truthful when testifying, you should consider [his] [or] [her] testimony with more caution than the testimony of other witnesses.**

*Child witness.*

- 21 -

**You have heard the testimony of a child. No witness is disqualified just because of age. There is no precise age that determines whether a witness may testify. The critical consideration is not the witness's age, but whether the witness understands the difference between what is true and what is not true, and understands the duty to tell the truth.**

*Give only if the defendant did not testify.*
**A defendant in a criminal case has a constitutional right not to testify at any stage of the proceedings. You must not draw any inference from the fact that a defendant does not testify.**

*Give only if the defendant testified.*
**The defendant in this case has become a witness. You should apply the same rules to consideration of [his] [her] testimony that you apply to the testimony of the other witnesses.**

*Witness talked to lawyer.*
**It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about [his] [her] testimony.**

*Give in all cases.*
**You may rely upon your own conclusion about the credibility of any witness. A juror may believe or disbelieve all or any part of the evidence or the testimony of any witness.**

*Rules for deliberation.*
**These are some general rules that apply to your discussion. You must follow these rules in order to return a lawful recommendation:**

1. **You must follow the law as it is set out in these instructions. If you fail to follow the law, your recommendation will be a miscarriage of justice. There is no reason for failing to follow the law in this case. All of us are depending upon you to make a wise and legal decision in this matter.**

2. **Your recommendation must be decided only upon the evidence that you have heard from the testimony of the witnesses, [have seen in the form of the exhibits in evidence] and these instructions.**

3.    Your recommendation must not be based upon the fact that you feel sorry for anyone, or are angry at anyone.

4.    Remember, the lawyers are not on trial. Your feelings about them should not influence your recommendation.

5.    ~~It is entirely proper for a lawyer to talk to a witness about what testimony the witness would give if called to the courtroom. The witness should not be discredited by talking to a lawyer about his or her testimony.~~<u>The jury is not to discuss any question[s] that [a juror] [jurors] wrote that [was] [were] not asked by the court, and must not hold that against either party.</u>

6.    Your recommendation should not be influenced by feelings of prejudice, or by racial or ethnic bias, or by sympathy. Your recommendation must be based on the evidence, and on the law contained in these instructions.

7.    <u>During deliberations, jurors must communicate about the case only with one another and only when all jurors are present in the jury room. You are not to communicate with any person outside the jury about this case. Until you have reached an advisory sentence, you must not talk about this case in person or through the telephone, writing, or electronic communication, such as a blog, twitter, e-mail, text message, or any other means. Do not contact anyone to assist you during deliberations. These communications rules apply until I discharge you at the end of the case. If you become aware of any violation of these instructions or any other instruction I have given in this case, you must tell me by giving a note to the [court deputy] [bailiff].</u>

8.    <u>If you need to communicate with me, send a note through the [court deputy] [bailiff], signed by the foreperson. If you have questions, I will talk with the attorneys before I answer, so it may take some time. You may continue your deliberations while you wait for my answer. I will answer any questions, if I can, in writing or orally here in open court.</u>

*Aggravating circumstances. § 921.141(5), Fla. Stat.*

An aggravating circumstance is a standard to guide the jury in making the choice between the alternative recommendations of life imprisonment without the possibility of parole or death. It is a statutorily enumerated circumstance which increases the gravity of a crime or the harm to a victim.

An aggravating circumstance must be proven beyond a reasonable doubt before it may be considered by you in arriving at your recommendation. In order to consider the death penalty as a possible penalty, you must determine that at least one aggravating circumstance has been proven.

The State has the burden to prove each aggravating circumstance beyond a reasonable doubt. A reasonable doubt is not a mere possible doubt, a speculative, imaginary or forced doubt. Such a doubt must not influence you to disregard an aggravating circumstance if you have an abiding conviction that it exists. On the other hand, if, after carefully considering, comparing, and weighing all the evidence, you do not have an abiding conviction that the aggravating circumstance exists, or if, having a conviction, it is one which is not stable but one which wavers and vacillates, then the aggravating circumstance has not been proved beyond every reasonable doubt and you must not consider it in ~~rendering~~<u>providing</u> an advisory sentence to the court.

*Give only to the jury that found the defendant guilty.*
It is to the evidence introduced during the guilt phase of this trial and in this proceeding, and to it alone, that you are to look for that proof.

*Give only to a new penalty phase jury.*
It is to the evidence introduced during this proceeding, and to it alone, that you are to look for that proof.

A reasonable doubt as to the existence of an aggravating circumstance may arise from the evidence, conflicts in the evidence, or the lack of evidence. If you have a reasonable doubt as to the existence of an aggravating circumstance, you should find that it does not exist. However, if you have no reasonable doubt, you should find that the aggravating circumstance does exist and give it whatever weight you determine it should receive.

The aggravating circumstances that you may consider are limited to any of the following that you find are established by the evidence:

- 24 -

*Give only those aggravating circumstances for which evidence has been presented.*

**1. The capital felony was committed by a person previously convicted of a felony and [under sentence of imprisonment] [on community control] [on felony probation].**

**2. The defendant was previously convicted of [another capital felony] [a felony involving the [use] [threat] of violence to the person].**

*Because the character of a crime if involving violence or threat of violence is a matter of law, when the State offers evidence under aggravating circumstance "2" the court shall instruct the jury of the following, as applicable:*

*Give 2a or 2b as applicable.*

**a. The crime of** (previous crime) **is a capital felony.**

**b. The crime of** (previous crime) **is a felony involving the [use] [threat] of violence to another person.**

**3. The defendant knowingly created a great risk of death to many persons.**

**4. The capital felony was committed while the defendant was**

> **[engaged]**
> **[an accomplice]**

**in**

> **[the commission of]**
> **[an attempt to commit]**
> **[flight after committing or attempting to commit]**

**any**

*Check § 921.141(5)(d), Fla. Stat., for any change in list of offenses.*

> **[robbery].**
> **[sexual battery].**
> **[aggravated child abuse].**

[abuse of an elderly person or disabled adult resulting in great bodily harm, permanent disability, or permanent disfigurement].
[arson].
[burglary].
[kidnapping].
[aircraft piracy].
[unlawful throwing, placing or discharging of a destructive device or bomb].

5. **The capital felony was committed for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.**

6. **The capital felony was committed for financial gain.**

7. **The capital felony was committed to disrupt or hinder the lawful exercise of any governmental function or the enforcement of laws.**

8. **The capital felony was especially heinous, atrocious or cruel.**

   **"Heinous" means extremely wicked or shockingly evil.**

   **"Atrocious" means outrageously wicked and vile.**

   **"Cruel" means designed to inflict a high degree of pain with utter indifference to, or even enjoyment of, the suffering of others.**

   **The kind of crime intended to be included as heinous, atrocious, or cruel is one accompanied by additional acts that show that the crime was conscienceless or pitiless and was unnecessarily torturous to the victim.**

9. **The capital felony was a homicide and was committed in a cold, calculated, and premeditated manner, without any pretense of moral or legal justification.**

   **"Cold" means the murder was the product of calm and cool reflection.**

   **"Calculated" means having a careful plan or prearranged design to commit murder.**

**A killing is "premeditated" if it occurs after the defendant consciously decides to kill. The decision must be present in the mind at the time of the killing. The law does not fix the exact period of time that must pass between the formation of the premeditated intent to kill and the killing. The period of time must be long enough to allow reflection by the defendant. The premeditated intent to kill must be formed before the killing.**

**However, in order for this aggravating circumstance to apply, a heightened level of premeditation, demonstrated by a substantial period of reflection, is required.**

**A "pretense of moral or legal justification" is any claim of justification or excuse that, though insufficient to reduce the degree of murder, nevertheless rebuts the otherwise cold, calculated, or premeditated nature of the murder.**

10. **The victim of the capital felony was a law enforcement officer engaged in the performance of [his] [her] official duties.**

11. **The victim of the capital felony was an elected or appointed public official engaged in the performance of [his] [her] official duties, if the motive for the capital felony was related, in whole or in part, to the victim's official capacity.**

12. **The victim of the capital felony was a person less than 12 years of age.**

13. **The victim of the capital felony was particularly vulnerable due to advanced age or disability, or because the defendant stood in a position of familial or custodial authority over the victim.**

*With the following aggravating factor, definitions as appropriate from § 874.03, Fla. Stat., must be given.*

14. **The capital felony was committed by a criminal street gang member.**

*§ 921.141, Fla. Stat.*

**15.** **The capital felony was committed by a person designated as a sexual predator or a person previously designated as a sexual predator who had the sexual predator designation removed.**

**16.** **The capital felony was committed by a person subject to**

**[a domestic violence injunction issued by a Florida judge], [a [repeat] [sexual] [dating] violence injunction issued by a Florida judge], [a protection order issued from [another state] [the District of Columbia] [an Indian tribe] [a commonwealth, territory, or possession of the United States]],**

**and**

**the victim of the capital felony was [the person] [a [spouse] [child] [sibling] [parent] of the person] who obtained the [injunction] [protective order].**

*Merging aggravating factors.*
*Give the following paragraph if applicable. When it is given, you must also give the jury an example specifying each potentially duplicitous aggravating circumstance. See Castro v. State, 596̶7̲ So. 2d 259 (Fla. 1992).*

**The State may not rely upon a single aspect of the offense to establish more than one aggravating circumstance. Therefore, if you find that two or more of the aggravating circumstances are proven beyond a reasonable doubt by a single aspect of the offense, you are to consider that as supporting only one aggravating circumstance.**

**If you find the aggravating circumstances do not justify the death penalty, your advisory sentence should be one of life imprisonment without possibility of parole.**

*Mitigating circumstances. § 921.141(6), Fla. Stat.*
**Should you find sufficient aggravating circumstances do exist to justify recommending the imposition of the death penalty, it will then be your duty to determine whether the mitigating circumstances outweigh the aggravating circumstances that you find to exist.**

**A mitigating circumstance is not limited to the facts surrounding the crime. It can be anything in the life of the defendant which might indicate that the death penalty is not appropriate for the defendant. In other words, a**

**mitigating circumstance may include any aspect of the defendant's character, background or life or any circumstance of the offense that reasonably may indicate that the death penalty is not an appropriate sentence in this case.**

**A mitigating circumstance need not be proved beyond a reasonable doubt by the defendant. A mitigating circumstance need only be proved by the greater weight of the evidence, which means evidence that more likely than not tends to prove the existence of a mitigating circumstance. If you determine by the greater weight of the evidence that a mitigating circumstance exists, you may consider it established and give that evidence such weight as you determine it should receive in reaching your conclusion as to the sentence to be imposed.**

**Among the mitigating circumstances you may consider are:**
*Give only those mitigating circumstances for which evidence has been presented.*

1. **The defendant has no significant history of prior criminal activity.**

*If the defendant offers evidence on this circumstance and the State, in rebuttal, offers evidence of other crimes, also give the following:*

**Conviction of** (previous crime) **is not an aggravating circumstance to be considered in determining the penalty to be imposed on the defendant, but a conviction of that crime may be considered by the jury in determining whether the defendant has a significant history of prior criminal activity.**

2. **The capital felony was committed while the defendant was under the influence of extreme mental or emotional disturbance.**

3. **The victim was a participant in the defendant's conduct or consented to the act.**

4. **The defendant was an accomplice in the capital felony committed by another person and [his] [her] participation was relatively minor.**

5. **The defendant acted under extreme duress or under the substantial domination of another person.**

**6.** The capacity of the defendant to appreciate the criminality of [his] [her] conduct or to conform [his] [her] conduct to the requirements of law was substantially impaired.

**7.** The age of the defendant at the time of the crime.

**8.** The existence of any other factors in the defendant's character, background or life, or the circumstances of the offense that would mitigate against the imposition of the death penalty.

If one or more aggravating circumstances are established, you should consider all the evidence tending to establish one or more mitigating circumstances and give that evidence such weight as you determine it should receive in reaching your conclusion as to the sentence that should be imposed.

*Victim impact evidence.  Give 1, or 2, or 3, or all as applicable.*
You have heard evidence about the impact of this homicide on the

      1.  family,
      2.  friends,
      3.  community

of (decedent).  This evidence was presented to show the victim's uniqueness as an individual and the resultant loss by (decedent's) death.  However, you may not consider this evidence as an aggravating circumstance.  Your recommendation to the court must be based on the aggravating circumstances and the mitigating circumstances upon which you have been instructed.

*Recommended sentence.*
The sentence that you recommend ~~to the court~~must be based upon the facts as you find them from the evidence and the law.  If, after weighing the aggravating and mitigating circumstances, you determine that at least one aggravating circumstance is found to exist and that the mitigating circumstances do not outweigh the aggravating circumstances, or, in the absence of mitigating factors, that the aggravating factors alone are sufficient, you may recommend that a sentence of death be imposed rather than a sentence of life in prison without the possibility of parole. Regardless of your findings in this respect, however, you are neither compelled nor required to recommend a sentence of death.  If, on the other hand, you determine that no aggravating circumstances are found to exist, or that the mitigating

circumstances outweigh the aggravating circumstances, or, in the absence of mitigating factors, that the aggravating factors alone are not sufficient, you must recommend imposition of a sentence of life in prison without the possibility of parole rather than a sentence of death.

The process of weighing aggravating and mitigating factors to determine the proper punishment is not a mechanical process. The law contemplates that different factors may be given different weight or values by different jurors. In your decision-making process, you, and you alone, are to decide what weight is to be given to a particular factor.

In these proceedings it is not necessary that the advisory sentence of the jury be unanimous.

The fact that the jury can recommend a sentence of life imprisonment or death in this case on a single ballot should not influence you to act hastily or without due regard to the gravity of these proceedings. Before you ballot you should carefully weigh, sift, and consider the evidence, realizing that human life is at stake, and bring your best judgment to bear in reaching your advisory sentence.

If a majority of the jury, seven or more, determine that (defendant) should be sentenced to death, your advisory sentence will be:

> A majority of the jury by a vote of _____, to _____ advise and recommend to the court that it impose the death penalty upon (defendant).

On the other hand, if by six or more votes the jury determines that (defendant) should not be sentenced to death, your advisory sentence will be:

> The jury advises and recommends to the court that it impose a sentence of life imprisonment upon (defendant) without possibility of parole.

When you have reached an advisory sentence in conformity with these instructions, that form of recommendation should be signed by your foreperson, dated with today's date and returned to the court. There is no set time for a jury to reach a verdict. Sometimes it only takes a few minutes. Other times it takes hours or even days. It all depends upon the complexity of

**the case, the issues involved and the makeup of the individual jury. You should take sufficient time to fairly discuss the evidence and arrive at a well reasoned recommendation.**

**You will now retire to consider your recommendation as to the penalty to be imposed upon the defendant.**

## <u>Comment</u>

This instruction was adopted in 1981 and amended in 1985 [477 So. 2d 985], 1989 [543 So. 2d 1205], 1991 [579 So. 2d 75], 1992 [603 So. 2d 1175], 1994 [639 So. 2d 602], 1995 [665 So. 2d 212], 1996 [678 So. 2d 1224], 1997 [690 So. 2d 1263], 1998 [723 So. 2d 123], ~~and~~ 2009 [22 So. 3d 17], and 2014.

# 11.18 SEXUAL MISCONDUCT BY A PSYCHOTHERAPIST
§ 491.0112, Fla. Stat.

**To prove the crime of Sexual Misconduct by a Psychotherapist, the State must prove the following three elements beyond a reasonable doubt:**

**1.** (Defendant) **committed sexual misconduct with** (victim)**.**

**2. At the time,** (defendant) **was a psychotherapist.**

*Give 3a or 3b as applicable.*
**3. a. At the time,** (victim) **was a client of** (defendant)**.**

**b.** (Victim) **was a former client of** (defendant) **and the professional relationship was terminated primarily for the purpose of engaging in sexual contact.**

**It is not a defense that** (victim) **consented to any act that constitutes sexual misconduct.**

*Enhancement. Give if applicable. § 491.0112(2), Fla. Stat.*
**If you find the defendant guilty of Sexual Misconduct by a Psychotherapist, you must then determine whether the State has proven beyond a reasonable doubt that the crime was committed by means of therapeutic deception.**

**"Therapeutic deception" means a representation to the client that sexual contact by the psychotherapist is consistent with or part of the treatment of the client.**

*Definitions. § 491.0112(4), Fla. Stat.*
**"Psychotherapist" means any person licensed in Florida pursuant to Chapter 458 (medicine), Chapter 459 (osteopathic medicine), Part 1 of Chapter 464 (nursing), Chapter 490 (psychology), or Chapter 491(clinical counseling or psychotherapy services); or any other person who provides or purports to provide treatment, diagnosis, assessment, evaluation, or counseling of mental or emotional illness, symptom, or condition.**

**"Client" means a person to whom the services of a psychotherapist are provided.**

**"Sexual misconduct" means the oral, anal, or vaginal penetration of another by, or contact with, the sexual organ of another or the anal or vaginal penetration of another by any object.**

**Lesser Included Offenses**

| SEXUAL MISCONDUCT BY A PSYCHOTHERAPIST — 491.0112 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2014.

**12.1 ARSON — FIRST DEGREE**
§ 806.01(1), Fla. Stat.

**To prove the crime of Arson, the State must prove the following ~~[three]~~ ~~[four]~~two elements beyond a reasonable doubt:**

1.  (Defendant) ~~**[damaged] [caused to be damaged]**~~ ~~(structure or contents alleged)~~ ~~**by**~~**[willfully and unlawfully] [while engaged in the commission of [a felony]** [(felony alleged)]] **caused a[n] [fire] [explosion].**

*Give 2a ~~or 2b~~ if § 806.01(1)(a), Fla. Stat. is charged.*
2.  a.  ~~**The damage was done willfully and unlawfully**~~**A dwelling, whether occupied or not, [or the contents of the dwelling,] was damaged by the [fire] [explosion].**

*Give 2b if § 806.01(1)(b), Fla. Stat. is charged.*
    b.  ~~**The damage was caused while defendant was engaged in the commission of**~~ ~~(felony alleged).~~**A structure, where persons would normally be present at the time of the [fire] [explosion], [or the contents of a structure where persons would normally be present at the time of the [fire] [explosion]], was damaged by the [fire] [explosion].**

*Give 2c if § 806.01(1)(c), Fla. Stat. is charged.*
    c.  **A structure, that** (defendant) **knew or had reasonable grounds to believe would be occupied by a human being at the time of the [fire] [explosion], was damaged by the [fire] [explosion].**

~~**3.The**~~ ~~(structure alleged)~~ ~~**was**~~

*~~Give 3a if charged under § 806.01(1)(a), Fla. Stat.~~*
    ~~a.  [a dwelling].~~

*~~Give 3b if charged under § 806.01(1)(b), Fla. Stat.~~*
    ~~b.  [an institution in which the damage occurred during normal hours of occupancy].~~

    ~~[an institution where persons normally are present].~~

*Give 3c if charged under § 806.01(1)(c), Fla. Stat.*
    ~~c.  [a structure].~~

*Give only if charged under § 806.01(1)(c), Fla. Stat.*
~~4. The defendant knew or had reasonable grounds to believe the~~ (structure alleged) ~~was occupied by a human being.~~

*Knighten v. State, 568 So. 2d 1001 (Fla. 2d DCA 1990) and N.K.D. v. State, 799 So. 2d 428 (Fla. 1st DCA 2001).*
**In order to convict the defendant of Arson, it is not necessary for the State to prove [he] [she] intended to damage the [dwelling] [structure].**

*Give if applicable.*
**The court instructs you that** (name of felony) **is a felony.**

*Definitions. Give ~~if~~ as applicable. ~~§ 806.01(3), Fla. Stat.~~*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully"means intentionally, knowingly, and purposely.**

*Berry v. State, 566 So. 2d 22 (Fla. 1st DCA 1990) .*
**"Unlawfully" means without a legitimate, lawful purpose.**

*§ 810.011(2), Fla. Stat.*
**"Dwelling" means a building [or conveyance] of any kind, whether such building [or conveyance] is temporary or permanent, mobile or immobile, which has a roof over it and is designed to be occupied by people lodging therein at night, together with the enclosed space of ground and outbuildings immediately surrounding it. For purposes of arson, a "dwelling" includes an attached porch or attached garage.**

*§ 806.01(3), Fla. Stat.;*
**"Structure" means~~:~~ any building of any kind, any enclosed area with a roof over it, any real property and appurtenances, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.**

        ~~Any building of any kind.~~
        ~~Any enclosed area with a roof over it.~~
        ~~Any real property and its appurtenances.~~
        ~~Any tent or other portable building.~~
        ~~Any vehicle.~~

~~**Any vessel.**~~
~~**Any watercraft.**~~
~~**Any aircraft.**~~

*~~Give only if 2b is alleged.~~*
*~~Define the crime alleged. If burglary, also define the crime that was the object of the burglary.~~*

*If the defendant is charged with causing a fire or explosion while committing a felony, define the felony that the defendant was allegedly committing.*

### Lesser Included Offenses

| ARSON — 806.01(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| ~~Arson second degree~~None | | ~~806.01(2)~~ | ~~12.2~~ |
| | Arson – second degree | 806.01(2) | 12.2 |
| | Attempt | 777.04(1) | 5.1 |
| | Criminal mischief | 806.13 | 12.4 |

### Comment

A special instruction is necessary in cases where the dwelling is vacant and the homeowner does not intend to return. See *Mitchell v. State*, 734 So. 2d 1067 (Fla. 1st DCA 1999).

This instruction was adopted in 1981 and was amended in 1992 and 2014.

## 12.2 ARSON — SECOND DEGREE
§ 806.01(2), Fla._Stat.

**To prove the crime of Arson — Second Degree, the State must prove the following** ~~three~~**two elements beyond a reasonable doubt:**

1.      (Defendant) ~~[caused to be damaged] [damaged] a~~ (structure alleged)~~, **owned by the defendant or another, by**~~**[willfully and unlawfully] [while engaged in the commission of a [felony] [**(felony alleged)**]] caused a[n] [explosion] [fire].**

*~~Give 2a or 2b.~~*
2.      ~~a.The damage was done willfully and unlawfully.~~**A structure, owned by the defendant or another, was damaged by the [explosion] [fire].**

~~b.The damage was caused while defendant was engaged in the commission of~~ (felony alleged)~~.~~

*Give if applicable.*
**The court instructs you that** (name of felony) **is a felony.**

*Knighten v. State, 568 So. 2d 1001 (Fla. 2d DCA 1990) and N.K.D. v. State, 799 So. 2d 428 (Fla. 1st DCA 2001).*
**In order to convict the defendant of Arson, it is not necessary for the State to prove [he] [she] intended to damage the structure.**

*Definition*s*. ~~§ 806.01(3), Fla.Stat.~~*
*Patterson v. State, 512 So. 2d 1109 (Fla. 1st DCA 1987).*
**"Willfully"means intentionally, knowingly, and purposely.**

*Berry v. State, 566 So. 2d 22 (Fla. 1st DCA 1990) .*
**"Unlawfully" means without a legitimate, lawful purpose.**

*§ 806.01(3) Fla. Stat.;*
**"Structure" means**~~:~~ **any building of any kind, any enclosed area with a roof over it, any real property and appurtenances, any tent or other portable building, and any vehicle, vessel, watercraft, or aircraft.**

~~**"Structure" means:**~~

**Any building of any kind.**
**Any enclosed area with a roof over it.**
**Any real property and its appurtenances.**
**Any tent or other portable building.**
**Any vehicle.**
**Any vessel.**
**Any watercraft.**
**Any aircraft.**

*Give only if 2b is alleged.*
*Define the crime alleged. If burglary, also define the crime that was the object of the burglary.*

*If the defendant is charged with causing a fire or explosion while committing a felony, define the felony that the defendant was allegedly committing.*

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

| ARSON — 806.01(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |
| | Criminal mischief | 806.13 | 12.4 |

### Comment

This instruction was adopted in 1981 and amended in 1992 and 2014.

# 12.9 ARSON RESULTING IN INJURY
## § 806.031, Fla. Stat.

**To prove the crime of Arson Resulting in Injury, the State must prove the following three elements beyond a reasonable doubt:**

*Add the following element to the two elements in instruction 12.1 or 12.2, as appropriate, and then read the appropriate definitions.*

**3. As a result, bodily harm was caused to** (victim).

*Give if applicable. Fla. Stat. § 806.031(2).*
**If you find the defendant guilty of Arson Resulting in Injury, you must then determine whether the State has proven beyond a reasonable doubt that the arson resulted in [great bodily harm] [permanent disability] [or] [permanent disfigurement] to** (victim)**.**

## Lesser Included Offenses

| ARSON RESULTING IN [GREAT BODILY HARM] [PERMANENT DISABILITY] [PERMANENT DISFIGUREMENT] — 806.031(2) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Arson Resulting in Injury | | 806.031(1) | 12.9 |
| | Attempt | 777.04(1) | 5.1 |

## Comment

This instruction was adopted in 2014.

# 14.10 FAILURE TO RETURN [HIRED] [LEASED] PROPERTY
§ 812.155(3), Fla. Stat.

**To prove the crime of Failure to Return [Hired] [Leased] Property, the State must prove the following four elements beyond a reasonable doubt:**

1. (Defendant) **[hired] [leased] personal property [or equipment] from** (victim) [**or** (victim's agent)].

2. **As part of the [hiring] [leasing],** (defendant) **agreed to return the property [or equipment] to** (victim) [**or** (victim's agent)] **at the end of the period for which the property [or equipment] was [hired] [leased].**

3. (Defendant) **knowingly [abandoned][refused to return] the property [or equipment] as agreed.**

4. (Defendant) **did so without the consent of** (victim) [**or** (victim's agent)]**.**

*Enhancement. Give if applicable.*
**If you find the defendant guilty of Failure to Return Hired or Leased Property, you must also determine whether the State proved beyond a reasonable doubt that the value of the property [or equipment] was $300 or more.**

*Give if applicable. § 812.012(10), Fla. Stat.*
**"Value" means the market value of the property at the time and place of the offense, or if that value cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the offense. If the exact value of the property cannot be ascertained, you should attempt to determine a minimum value. If you cannot determine the minimum value, you must find the value was less than $300.**

## Lesser Included Offenses

| FAILURE TO RETURN HIRED OR LEASED PROPERTY — 812.155(3) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comment

See § 812.155(6), Fla. Stat. for the notice that is required in the leasing agreement which is a prerequisite to prosecution.

This instruction was adopted in 2014.

## 28.14 BOATING UNDER THE INFLUENCE
§ 327.35(1), Fla. Stat.

To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:

**1.** (Defendant) **operated a vessel.**

**2.** **While operating the vessel,** (defendant)

*Give 2a or b or both as applicable.*

    a. **was under the influence of [alcoholic beverages][a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

    b. **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

*Give if applicable.*

**If you find the defendant guilty of Boating under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

    a. **the defendant had a [blood] [breath]-alcohol level of .15 or higher while operating the vessel.**

    b. **the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.**

*Definitions. Give as applicable.*
*State v. Davis, 110 So. 3d 27 (Fla. 2ᵈ DCA 2013).*

**"Vessel" means a boat** ~~that is subject to a license tax for operation~~ **and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.**

**"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in**

emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.

"Operate" means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.

"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.

(          ) **is a controlled substance under Florida law.** *Ch. 893, Fla. Stat.*

(          ) **is a chemical substance under Florida law.** *§ 877.111(1), Fla. Stat.*

*When appropriate, give one or more of the following instructions on the "presumptions of impairment" established by § 327.354(2)(a), (2)(b), and (2)(c), Fla. Stat.*

1. **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2. **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such**

cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

3. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

*Defense of inoperability; give if applicable.*

It is a defense to the charge of Boating under the Influence if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.

**Lesser Included Offenses**

| BOATING UNDER THE INFLUENCE — 327.35(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574], ~~and~~ amended in 2012 [87 So. 3d 679], and 2014.

## 28.15 BOATING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY
§ 327.35(3)(a)(b)(c)1, Fla. Stat.

**To prove the crime of Boating under the Influence Causing [Property Damage] [Injury], the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **operated a vessel.**

2. **While operating the vessel,** (defendant)

*Give 2a or b or both as applicable.*

      a. **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

      b. **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3. **As a result of operating the vessel,** (defendant) **caused or contributed to causing [damage to the property of** (victim)**] [injury to the person of** (victim)**].**

*Give if applicable.*
**If you find the defendant guilty of Boating under the Influence Causing [Property Damage] [Injury], you must also determine whether the State has proven beyond a reasonable doubt whether:**

      a. **the defendant had a [blood] [breath]-alcohol level of .15 or higher while operating the vessel.**

      b. **the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.**

*Definitions. Give as applicable.*

*State v. Davis, 110 So. 3d 27 (Fla. 2[d] DCA 2013).*

"**Vessel**" **means a boat** ~~that is subject to a license tax for operation~~ **and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.**

"**Normal faculties**" **include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.**

"**Operate**" **means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.**

"**Alcoholic beverages**" **are considered to be substances of any kind and description which contain alcohol.**

(         ) **is a controlled substance under Florida law.**  *Ch. 893, Fla. Stat.*

(         ) **is a chemical substance under Florida law.**  *§ 877.111(1), Fla. Stat.*

*When appropriate, give one or more of the following instructions on the "presumptions of impairment" established by § 327.354(2)(a), (2)(b), and (2)(c), Fla. Stat.*

1.  **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2. **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

3. **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Boating under the Influence Causing [Property Damage] [Injury] if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.**

**Lesser Included Offenses**

| BOATING UNDER THE INFLUENCE CAUSING PROPERTY DAMAGE OR INJURY — 327.35(3)(a)(b)(c)1 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Boating under the Influence | | 327.35(1) | 28.14 |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2012 [87 So. 3d 679] and 2014.

# 28.16 FELONY BOATING UNDER THE INFLUENCE
§ 327.35(2)(b)1 or § 327.35(2)(b)3, Fla. Stat.

**To prove the crime of Boating under the Influence, the State must prove the following two elements beyond a reasonable doubt:**

1. (Defendant) **operated a vessel.**

2. **While operating the vessel,** (defendant)

*Give 2a or b or both as applicable.*

    a. **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

    b. **had a [blood] [breath]-alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

*Give if applicable.*
**If you find the defendant guilty of Boating under the Influence, you must also determine whether the State has proven beyond a reasonable doubt whether:**

    a. **the defendant had a [blood] [breath]-alcohol level of . 15 or higher while operating the vessel.**

    b. **the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating under the influence.**

*Definitions. Give as applicable.*
*State v. Davis, 110 So. 3d 27 (Fla. 2d DCA 2013).*
**"Vessel" means a boat** ~~that is subject to a license tax for operation~~ **and includes every description of watercraft, barge, and airboat, other than a seaplane, on the water used or capable of being used as a means of transportation on water.**

**"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in**

emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.

"Operate" means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.

"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.

(            ) **is a controlled substance under Florida law.**  *Ch. 893, Fla. Stat.*

(            ) **is a chemical substance under Florida law.**  *§ 877.111(1), Fla. Stat.*

*When appropriate, give one or more of the following instructions on the "presumptions of impairment" established by § 327.354(2)(a), (2)(b), and (2)(c), Fla. Stat.*

1.  **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.  **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.  In such cases, you may consider**

that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

3. If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Boating under the Influence if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.**

*Give as applicable if the jury finds the defendant is guilty of Boating Under the Influence. Note: A Driving Under the Influence conviction, whether in Florida or out-of-state, counts as a prior conviction. See §327.35(6)(i), Fla. Stat. See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

**Since you have found the defendant guilty of Boating under the Influence, you must now determine whether the State has proven beyond a reasonable doubt whether:**

    a.    **the defendant was previously convicted two times of Boating under the Influence and one of the prior Boating under the Influence convictions took place within 10 years of the Boating under the Influence that you found the defendant committed.**

> **b.** the defendant was previously convicted three times of Boating under the Influence.

**Lesser Included Offenses**

| FELONY BOATING UNDER THE INFLUENCE — PRIOR CONVICTIONS — 327.35(2)(b)1 or 327.35(2)(b)3 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Boating under the influence | | 327.35(1) | 28.14 |
| | Attempt | 777.04(1) | 5.1 |
| | Boating under the influence causing property damage or injury | 327.35(3)(a)(b)(c)1 | 28.15 |

**Comments**

This instruction should be used for Felony Boating under the Influence based on prior convictions. For Felony Boating under the Influence based on prior convictions, it is error to inform the jury of prior Boating or Driving under the Influence convictions before the verdict is rendered. Therefore, if the information or indictment contains an allegation of prior Boating or Driving under the Influence convictions, do not read that allegation and do not send the information or indictment into the jury room. If the defendant is found guilty of Boating under the Influence, the historical fact of prior convictions shall be determined separately by the jury in a bifurcated proceeding. *See State v. Harbaugh, 754 So. 2d 691 (Fla. 2000).*

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2012 [87 So. 3d 679] and 2014.

# CAUSING SERIOUS BODILY INJURY
§ 327.35(3)(a)(b)(c)2, Fla. Stat.

**To prove the crime of Boating under the Influence Causing Serious Bodily Injury, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **operated a vessel.**

2. **While operating the vessel,** (defendant)

*Give 2a or 2b or both as applicable.*
   a. **was under the influence of [alcoholic beverages] [a chemical substance] [a controlled substance] to the extent that [his] [her] normal faculties were impaired.**

   b. **had a [blood] [breath] alcohol level of .08 or more grams of alcohol per [100 milliliters of blood] [210 liters of breath].**

3. **As a result of operating the vessel,** (defendant) **caused or contributed to causing serious bodily injury to** (victim)**.**

*Give if applicable.*
**If you find the defendant guilty of Boating under the Influence Causing Serious Bodily Injury, you must also determine whether the State has proven beyond a reasonable doubt whether:**

   a. **the defendant had a [blood] [breath]-alcohol level of .15 or higher while operating the vessel.**

   b. **the defendant was accompanied in the vessel by a person under the age of 18 years at the time of the boating underthe influence.**

*Definitions. Give as applicable.*
*State v. Davis, 110 So. 3d 27 (Fla. 2<sup>d</sup> DCA 2013).*
**"Vessel" means a boat** ~~that is subject to a license tax for operation~~ **and includes every description of watercraft, barge, and airboat, other than a**

seaplane, on the water used or capable of being used as a means of transportation on water.

"Normal faculties" include but are not limited to the ability to see, hear, walk, talk, judge distances, operate a vessel, make judgments, act in emergencies and, in general, to normally perform the many mental and physical acts of our daily lives.

"Operate" means to be in charge of or in command of or in actual physical control of a vessel upon the waters of this state, or to exercise control over or to have responsibility for a vessel's navigation or safety while the vessel is underway upon the waters of this state, or to control or steer a vessel being towed by another vessel upon the waters of the state.

"Alcoholic beverages" are considered to be substances of any kind and description which contain alcohol.

(                    ) is a controlled substance under Florida law. *Ch. 893, Fla. Stat.*

(                    ) is a chemical substance under Florida law. *§ 877.111(1), Fla. Stat.*

"Serious bodily injury" means a physical condition that creates a substantial risk of death, serious personal disfigurement, or protracted loss or impairment of the function of any bodily member or organ.

*When appropriate, give one or more of the following instructions on the "presumptions of impairment" established by § 327.354(2)(a), (2)(b), and (2)(c), Fla. Stat.*

1. **If you find from the evidence that while operating the vessel, the defendant had a [blood] [breath]-alcohol level of .05 or less, you shall presume that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired; but this presumption may be overcome by other evidence demonstrating that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

2.  **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level in excess of .05 but less than .08, that fact does not give rise to any presumption that the defendant was or was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. In such cases, you may consider that evidence along with other evidence in determining whether the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

3.  **If you find from the evidence that while operating or in actual physical control of the vessel, the defendant had a [blood] [breath]-alcohol level of .08 or more, that evidence would be sufficient by itself to establish that the defendant was under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired. But this evidence may be contradicted or rebutted by other evidence demonstrating that the defendant was not under the influence of alcoholic beverages to the extent that [his] [her] normal faculties were impaired.**

*Defense of inoperability; give if applicable.*
**It is a defense to the charge of Boating under the Influence Causing Serious Bodily Injury if the vessel was inoperable at the time of the alleged offense, unless the defendant was controlling or steering the vessel while it was being towed by another vessel upon the waters of the state. However, it is not a defense if the defendant was boating under the influence before the vessel became inoperable.**

**Lesser Included Offenses**

| BOATING UNDER THE INFLUENCE CAUSING SERIOUS BODILY INJURY — 327.35(3)(a)(b)(c)2 | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Boating under the Influence Causing Injury | | 327.35(3)(a)(b)(c)1 | 28.15 |

| Boating under the influence | | 327.35(1) | 28.14 |
|---|---|---|---|
| | Attempt | 777.04(1) | 5.1 |
| | Boating under the influence causing property damage | 327.35(3)(a)(b)(c)1 | 28.15 |

## Comment

This instruction was adopted in 2009 [6 So. 3d 574] and amended in 2012 [87 So. 3d 679] and 2014.

**29.3 [SELLING] [GIVING] [SERVING] [PERMITTING SERVICE OF] [PERMITTING CONSUMPTION OF] AN ALCOHOLIC BEVERAGE [TO] [BY] A PERSON LESS THAN 21 YEARS OF AGE ON LICENSED PREMISES**
§ 562.11(1)(a)1, Fla. Stat.

**To prove the crime of** (crime charged)**, the State must prove the following two elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
**1.    a.** (Defendant) **[sold] [gave] [served] [permitted service of] an alcoholic beverage to** (name of person) **on licensed premises.**

       **b.** (Defendant) **permitted** (name of person) **to consume an alcoholic beverage on licensed premises.**

**2.    At the time,** (name of person) **was less than 21 years of age.**

*Definitions. Give if applicable.*
*§ 561.01(4), Fla. Stat.*
**An "alcoholic beverage" means distilled spirits and all beverages containing one-half of 1 percent or more alcohol by volume. The percentage of alcohol by volume shall be determined by measuring the volume of the standard ethyl alcohol in the beverage and comparing it with the volume of the remainder of the ingredients as though the remainder ingredients were distilled water.**

*§ 561.01(9), Fla. Stat.*
**"Sold" means any transfer of an alcoholic beverage for a consideration, any gift of an alcoholic beverage in connection with, or as a part of, a transfer of property other than an alcoholic beverage for a consideration, or the serving of an alcoholic beverage by a club licensed under the Beverage Law.**

*§ 561.01(11), Fla. Stat.*
**"Licensed premises" means not only rooms where alcoholic beverages are stored or sold by the licensee, but also all other rooms in the building which are so closely connected therewith as to admit of free passage from drink parlor to other rooms over which the licensee has some dominion or control and shall also include all of the area embraced within the sketch, appearing on or attached to the application for the license involved and**

**designated as such on said sketch, in addition to that included or designated by general law. The area embraced within the sketch may include a sidewalk or other outside area which is contiguous to the licensed premises.**

### Lesser Included Offenses

| [SELLING] [GIVING] [SERVING] [PERMITTING SERVICE OF] [PERMITTING CONSUMPTION OF] AN ALCOHOLIC BEVERAGE [TO] [BY] A PERSON LESS THAN 21 YEARS OF AGE ON LICENSED PREMISES — § 562.11(1)(a)1 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comments

Florida courts have interpreted this statute as applying only to business establishments. *United Servs. Auto. Ass'n v. Butler*, 359 So. 2d 498 (Fla. 4th DCA 1978). It is yet to be determined whether the statute applies only to licensees of the business establishment.

This instruction was adopted in 2014.